### FISHER *v.* BURROUGHS ADDING MACHINE CO.

Contracts—Compromise—Account Stated.

> An agreement for the purpose of taking care of certain mechanics' liens, containing a recital that the defendant is indebted to the plaintiff in an amount named, does not operate as a compromise of disputed items when plaintiff did not know the amount due him, and claims that false representations were made concerning deductions to be charged, and both parties admit the incorrectness of some of the items.

Error to Wayne; Rohnert, J. Submitted April 17, 1908. (Docket No. 130.) Decided June 7, 1909.

Assumpsit by George W. Fisher against the Burroughs Adding Machine Company upon a building contract. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Willard E. Warner*, for appellant.

*Walker & Spalding*, for appellee.

McAlvay, J. Plaintiff in 1904 contracted in writing with the American Arithmometer Company to do the mason work in the construction of a factory in Detroit, according to plans and specifications of the architect, for the sum of $19,769. Defendant is the successor of the American Arithmometer Company, and as such responsible for any judgment plaintiff may recover. During the construction certain changes from the original plans and specifications were ordered and directed to be performed by the architect, which were made by plaintiff with the knowledge of the superintendent of construction. After certain delays caused by the owner not securing certain material, the work under plaintiff's contract was completed, shortly before which time plaintiff was taken seriously ill. During the prosecution of the work, plaintiff,

by reason of delays and losses caused by the company, was unable to pay for some of the materials which were used in the construction of the building, and several mechanics' liens were filed. Later foreclosure proceedings of one of these liens were begun. Plaintiff was also sued by one of his creditors in justice's court, and the defendant company garnished, and on an appeal by plaintiff the president of the company signed his appeal bond. Under these circumstances, and while plaintiff was confined to his house by sickness, and was not present at any meetings between the attorneys for the parties and defendant's agents, the following agreement in writing was made and executed:

"An agreement made by and between the C. H. Little Company of the first part, and the American Arithmometer Company of the second part, and George W. Fisher of the third part, under date of May 19, 1905, was duly proven and introduced in evidence by the defendant and marked Exhibit G. and is as follows:

"It is hereby agreed by and between the C. H. Little Co., of the first part, the American Arithmometer Company of the second part, and George W. Fisher of the third part, as follows:

"Whereas, there is a balance owing to the third party from the second party of $6,211.05 for materials furnished and labor performed in construction of the second party's factory at the corner of Second and Amsterdam avenues, Detroit, Michigan; and, whereas, liens have been filed upon said factory premises by the following parties for materials and labor furnished to said Fisher for the amounts set opposite their respective names, to wit:

| | | |
|---|---:|---:|
| "Trussed Concrete Steel Co. | $236 | 16 |
| Philip Carey Mfg. Co. | 264 | 95 |
| The C. H. Little Co. | 3,672 | 81 |
| Michigan Pressed Brick Co. | 677 | 50 |
| Garner Bros. | 24 | 50 |
| Larkins Brick Co. | 1,207 | 50 |
| Sheehan Artificial Stone Co. | 308 | 75 |
| Elmer Jones | 1,524 | 72 |
| F. B. Holmes & Co. | 823 | 43 |
| | $8,739 | 32 |

—and a suit at law has been commenced and is now pending on appeal in the circuit court for the county of Wayne by said Sheehan Artificial Stone Company against said Fisher for the same claim for which it has filed said lien, one Joseph Boyer, a stockholder in said American Arithmometer Company, being surety on the appeal bond; and, whereas, it is represented by the first and third parties that the liens of the following parties may be settled for the amounts set opposite their respective names, to wit:

| | |
|---|---:|
| "Trussed Concrete Steel Co. | $100 00 |
| Philip Carey Mfg. Co. | 200 00 |
| The C. H. Little Co. | 2,194 41 |
| Michigan Pressed Brick Co. | 474 25 |
| Larkins Brick Co. | 1,107 50 |
| Garner Bros. | 14 70 |
| | $4,090 86 |

—and, whereas, it is represented by the said Fisher that good defense exists to the remaining lien claims and the said suit at law or to some part thereof:

"It is agreed by the respective parties, the agreement of each being in consideration of the agreements of the others as follows:

"Said the C. H. Little Company agrees:

"1. To protect and save harmless said American Arithmometer Company from all loss, costs, damages and expense on account of or by reason of any and all of the said lien claims hereinbefore referred to and all litigation thereon, and of the settlement of the claims whereof the settlement is hereby contemplated.

"2. To assume and carry on at its own expense the defense of said suit at law and of all of the lien claims hereinbefore mentioned until final adjudication or settlement thereof and to pay any amount necessary to effect a discharge and satisfaction of record of said suit, and of all of said claims as finally determined by adjudication or settlement in excess of the amount of $5,961.05, hereinafter provided to be paid from the fund in the second party's hands.

"The second party agrees:

"1. To purchase the lien claims of the following named parties at the amounts set opposite their respective names if settlement can be effected at said amounts, paying

therefor from the said balance owing to third party here-
to, to wit:

| | |
|---|---|
| "Trussed Concrete Steel Co. | $100 00 |
| Philip Carey Mfg. Co. | 200 00 |
| The C. H. Little Co. | 2,194 41 |
| Garner Bros. | 14 70 |
| Michigan Pressed Brick Co. | 474 25 |
| Larkins Brick Co. | 1,107 50 |
| | $4,090 86 |

—taking assignments of the claims settled in the name of
some person selected by itself which assignments shall be
held for the purposes hereinafter provided.

"2. To pay Willard E. Warner, attorney for said Fisher,
the sum of $250.00 from said balance owing third party,
this payment being made by direction of the first and
third parties and for services performed for the third
party.

"3. On the adjustment of any of the remaining lien
claims on terms satisfactory to the first and third parties
or upon final adjudication thereof, to pay the same from
the balance of said amount owing to third party hereto
but not otherwise after making the payments provided
for in clauses 1 and 2 of this paragraph, taking an assign-
ment thereof in like manner as above provided, it being
understood that the suit at law and the lien suit of said
Sheehan Company must be settled together.

"4. To assign to the first party a certain bond executed
by the third party to the second party wherein the Amer-
ican Bonding Company is surety and to pay over to the
first party whatever remains of said amount owing to said
third party when either upon settlement or final adjudi-
cations the claim set up in said suit at law and all claims
of lien and all judgments and decrees that may be ren-
dered therein are satisfied and discharged of record.

"Said Fisher agrees:

"1. That he will render all assistance in his power in
the settlement of the claims, the settlement whereof is
hereby contemplated, and in the defense of all claims not
settled.

"2. That he approves and consents to the disposition
of said funds in the hands of the American Arithmometer
Company and all the arrangements hereby contemplated.

"It is mutually agreed that the assignments of any

claims settled shall be presented in the litigation over the unsettled claims of lien in order that they may be allowed and included in any decree that may be rendered, to the end that the parties hereto may be protected so far as possible against the unsettled claims, the expense, however, of presenting and securing the allowance of such assigned claims to be borne by the first party.

"In witness whereof, the first and second parties have caused this instrument to be executed by the hands of their respective president, and the third party has hereunto set his hand this 19th day of May, 1905.

[Signed] "THE C. H. LITTLE CO.,
          "By C. H. LITTLE, Prest. and Genl. Manager.
[Signed] "AMERICAN ARITHMOMETER COMPANY,
          "By JOSEPH BOYER, President.
[Signed] "GEORGE W. FISHER."

Under this agreement defendant company disbursed the sum stated according to its terms. Later plaintiff sued defendant company in assumpsit for a balance claimed to be due under his building contract, including materials and labor furnished and performed for extras in excess of the contract price, also averring that the amount stated in the agreement of May 19, 1905, as a balance owing him, was not the correct amount, but was arrived at by wrongfully deducting certain amounts on account of construction and material fraudulently represented by defendant to be defective and unfit. Upon the trial the court directed a verdict in favor of defendant, on the ground that the agreement of May 19, 1905, stated a balance as agreed upon between the parties in adjusting their accounts. No evidence was offered by defendant.

The case is before us for review upon writ of error. The material assignment of error necessary to be considered is upon the action of the court in directing a verdict. The determination of this question depends upon the construction to be given to the writing of May 19, 1905. It is contended by defendant that it was a settlement and adjustment between plaintiff and defendant of their differences arising out of the building contract, reduced to writing, signed by the parties, and is conclusive. That

there were differences between these parties, and that at the time a large amount of money was still unpaid on this contract, is not disputed. Plaintiff and his attorney both testify that they do not know what was included in the $6,211.05 stated in the writing of May 19, 1905. It also appears that there had never been any settlement or adjustment between plaintiff and defendant, unless the agreement may be so considered. Both parties had presented items for adjustment, plaintiff for extras, and defendant for deductions, and the record shows that both parties now admit that some of these items should be allowed each party. It does not appear what is included in the amount of $6,211.05, admitted by defendant to be owing plaintiff at that time; but it does appear that the sum of $300 was arbitrarily stricken out because of a claim for defective work which must be removed, which has never been done. Plaintiff, who was confined to his house by serious sickness, never took any part in these negotiations. He was represented by his attorney.

It is also urged by defendant that to allow plaintiff to dispute the amount expressed in the agreement would be a fraud upon his creditors. It is apparent that at the time plaintiff did not know the amount he was entitled to. The apparent object of this agreement was to dispose of certain liens on the property, and a certain lawsuit without loss to defendant. The principal lienor undertook to dispose of the liens and settle the claims out of this amount of $6,211.05, belonging to plaintiff, in defendant's hands, on condition that he take any amount that was left over, and an assignment of the surety company bond given by plaintiff to defendant as its protection, presumably when the contract was entered into. From the preambles to this contract this appears to have been a safe undertaking on the part of this lienor and justified by the results. It was carried out, and all of these claims were adjusted and settled out of this fund. Plaintiff claims he is entitled to about $1,700, the balance due under his contract. If this had been a matter of mistake by or against either one of

these parties, under the circumstances, it is clear that either one could recover from the other the amount of the true balance. If brought about by what amounted to a deception or a fraud, plaintiff ought not to be bound by it. It does not appear that any creditor was deceived by the recital that this was the balance owing plaintiff from defendant, and, if such deception of creditors could be charged as resulting therefrom, if plaintiff's contention is true, defendant, and not he, is chargeable with it. Defendant has been in no way damaged, upon any theory of the case. On the contrary, if plaintiff is right, defendant has profited $1,700 by the transaction.

As between plaintiff and defendant, there can be no estoppel against plaintiff by reason of the recital in the agreement "whereas there is a balance owing to the third party from the second party of $6,211.05." This recital does not constitute a settlement and adjustment between these parties.

The court was in error in instructing a verdict for defendant.

The judgment will be reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and HOOKER, JJ., concurred.