# JUNE TERM, 1911.

### FISHER v. BURROUGHS ADDING MACHINE CO.

1. CONTRACTS—COMPROMISE AND SETTLEMENT—FRAUD.

The fact that an architect, who was made the arbiter under a construction contract as between the contractor and owner, allowed certain items claimed by the contractor as extras and disallowed others, is insufficient, unless supported by other evidence of bad faith or collusion, to establish fraud.

2. SAME—BOND—EXTRAS.

Upon no theory of the case could the contractor recover the cost of a surety bond not required under the terms of the building contract, but furnished by such contractor on the demand of the supervising architect.

3. SAME—COMPROMISE—WAIVER.

It was not a waiver of the provision making the architect the final arbiter, that an agreement was subsequently executed by the parties in which the amount determined .by the finding of the architect was adopted as the correct amount due and was paid and accepted by plaintiff in settlement of his demand.

4. SAME—CONDITIONS PRECEDENT.

Plaintiff could not recover items claimed to be due without submitting the same to the architect for his certification, and obtaining the certificate, as required by the provisions of the contract.

BIRD, J., dissenting in part.

Error to Wayne; Donovan, J. Submitted October 10, 1911. (Docket No. 27.) Decided July 5, 1911.

Assumpsit by George W. Fisher against the Burroughs Adding Machine Company for work and materials. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial granted.

*Walker & Spalding,* for appellant.

*Willard E. Warner,* for appellee.

OSTRANDER, C. J.   Upon a former trial, judgment in which was reversed by this court (157 Mich. 126 [121 N. W. 756]), defendant introduced no testimony, the trial court being of opinion that a certain agreement reciting that a sum was due to plaintiff from defendant, and the payment of the sum concluded the plaintiff.   It was held in this court that if the sum stated in the said agreement to be due was arrived at by mistake, or the agreement was brought about by deception or fraud, plaintiff ought not to be bound.   Upon a second trial, the record of which is now before us, it appeared that, with one exception, as to each disputed item of account, whether representing a charge by the plaintiff or a countercharge by defendant, the architect who was made the final arbiter by the terms of the building contract has determined, either that plaintiff is not, or that defendant is, entitled to the amount claimed.   All items, whether of charge or of countercharge, which were approved by the architect were included in the settlement of the parties and paid.  There is no testimony tending to prove that the architect acted fraudulently or arbitrarily in refusing to plaintiff a certificate for the amount he claims to be due to him.

Plaintiff's contention is that the action of the architect amounted to a legal fraud.   This contention can be supported only upon the ground that the architect has not found to be due as much as the plaintiff claims, and that a jury has agreed with the plaintiff.   But the parties made the architect, and not a jury, the final judge.

The item of $59, charged to defendant by plaintiff, which is the exception above noted, was for the premium paid for a surety company bond.   The building contract did not require the contractor to give a bond.   The architect demanded one, and the plaintiff furnished it.   Counsel for plaintiff have not indicated the theory according to which the

defendant would be liable to repay this sum to the plaintiff, and no such theory occurs to me.

Nor can it be said that, because an agreement was made concerning the amount due to plaintiff, the defendant waived the provision in the contract making the architect the final arbiter. As has been stated, the items entering into the computation which was made were, in fact, with the exception which has been noted, items which the architect had passed upon. In other words, defendant agreed to pay what the architect had determined it ought to pay and no more. It paid just the amount which a formal certification would have shown to be due, and there was neither attempt nor purpose to pay more or less, or to allow or disallow items and claims independent of the judgment of the architect and the finality of his decision. It follows that if there are items or contentions which have not been submitted to and allowed or disallowed by the architect, his certification is still required. It is not produced. No such items are shown.

In my opinion, there was no question for the jury, the several motions of defendant made when the plaintiff had rested should have been granted, and a verdict for the defendant directed. The judgment should be reversed and no new trial granted.

HOOKER, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred with OSTRANDER, C. J.

BIRD, J. (*dissenting*). Plaintiff brought this action to recover the balance which he claimed was due him upon a building contract. The declaration was on the contract, with the common counts added. He recovered a judgment in the trial court, and the defendant assigns error in this court.

Plaintiff entered into a written contract with defendant to do the mason work on its factory building in the city of Detroit, according to certain specifications attached thereto, for the sum of $19,769. He claims to have discharged his obligations under this contract, and that there

is now due him thereon a balance of $373.60, and a further sum of $1,182.16 for alterations and extras which he furnished at the request of the architect. The defendant contended in the trial court, and now contends in this court, *first*, that the agreement of settlement of May 19, 1905, under which the defendant paid the sum of $6,211.05, was a final adjustment of all matters of difference between them and a bar to this suit; *second*, that the architect's final certificate, which, by the terms of the contract between the parties, was a condition precedent to the right of payment, was never obtained, and no excuse is shown for the failure to obtain it.

*First.* It appears that after the contract was partially executed, the plaintiff was taken ill and subcontractors were employed to assist in finishing the work. This resulted in several liens being placed on the building by the subcontractors. In order to satisfy these liens and secure a release of the property, the parties entered into an agreement whereby defendant might pay certain of these claims and charge the same to plaintiff's account. The agreement recited that the defendant was indebted to the plaintiff in the sum of $6,211.05. The defendant claims this agreement was a settlement in full of all matters of difference between them. The plaintiff denies this. Considerable testimony was taken bearing upon the question as to whether the settlement was intended to be final and a receipt in full for all sums owing to the plaintiff on account of the contract. The question was submitted to the jury as a question of fact. The testimony was in conflict and we think the court committed no error in submitting it to them for solution. See former decision in this case, 157 Mich. 126 (121 N. W. 756).

*Second.* Was the architect's final certificate a condition precedent to the right of recovery? The portions of the contract which are material to the determination of this question are as follows:

"*First.* The contractor shall and will, well and suffi-

ciently perform and finish, under the direction and to the satisfaction of Albert Kahn, architect (acting as agent of said owner), all work called for by plans and specifications for factory building to be built corner of Amsterdam and Second avenues, Detroit, Michigan, under heading 'Mason Work' in specifications, agreeably to the drawings and specifications made by said architects, etc.  *  *  *

"*Third.* Should any alterations be required in the work shown or described by the drawings or specifications, the contractor shall proceed with them, without delay, according to the directions which may be given. In every such case the price agreed to be paid for the said work shall be increased or decreased as the case may require, according to a fair and reasonable valuation of the work, added or omitted, the value of such work to be fixed by fair admeasurement and valuation to be made by the architects, or by some competent and disinterested person or persons appointed by them. In case the valuing of the work in dispute is referred to other than the architects, all expense incurred shall be borne jointly by the contractor and owner, share and share alike. Such alterations or variations shall in no way render void the contract, and no claim for variation or alterations, or the increased or decreased price thereof, shall be valid unless done in pursuance of an order from the architects and notice of such claim made to them in writing within ten days after the commencement of such work. All bills for extras for additional or altered work must be submitted to the architects before final certificate for payment on account of contract will be given, and unless otherwise agreed, no payments will be made on such bills until the final settlement.  *  *  *

" *Thirteenth.* And it is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be nineteen thousand seven hundred and sixty-nine ($19,769.00) dollars, subject to additions or deductions on account of alterations as hereinbefore provided, and that such sum shall be paid in current funds by the owner to the contractor in installments subject to the provisions of the lien law, as follows:

" ' As the work progresses, upon the architect's certificate, which shall be based on labor and material furnished, less ten per cent. which will be retained until final payment.'

"It being understood that the final payment shall be made within thirty days after this contract is completely finished, provided, that in each of the said cases the architects shall certify in writing that all the work, upon the performance of which the payment is to become due, has been done to their satisfaction. \* \* \*"

It will be observed by the foregoing provisions that the parties have referred the questions of alterations and extras to the architect and authorized him to fix the value of them and they have agreed, as a condition precedent to final payment, that the contractor shall obtain a certificate of the architect that the work has been done to his satisfaction.

It appears that plaintiff submitted his bills for alterations and extras to the architect, and requested their allowance and also requested his final certificate. The architect examined the bills and allowed some and disallowed others. He refused to make the final certificate because of certain defects in the work and materials. It is claimed by plaintiff that, having been refused the certificate, he is now entitled to proceed as though the stipulation had not been in the contract. We cannot agree with this contention. These parties have entered into a written contract and provided in that contract a means of settling any differences that might arise between them as to the value and quality of the work performed under the contract. This provision is a common one in building contracts and has been many times recognized as valid by this court. *Hanley* v. *Walker*, 79 Mich. 607 (45 N. W. 57, 8 L. R. A. 207); *Guthat* v. *Gow*, 95 Mich. 527 (55 N. W. 442); *Weggner* v. *Greenstine*, 114 Mich. 310 (72 N. W. 170).

If the architect has not refused to act, and the defendant has not waived his right to insist on the certificate, and there is no fraud or collusion on the part of the architect and defendant, we think the plaintiff is bound by the determination of the architect. The record shows that the

166 Mich.—26.

architect was willing to and did act. He examined plaintiff's bills for alterations and extras and allowed some and disallowed others. As to those which he disallowed, he gave his reasons for so doing. He refused to give the final certificate and pointed out the defective work and materials which prompted him to refuse. The plaintiff consented to some deductions on account of faulty work, but in the main takes issue with the architect as to the defective character of the work and materials. It is suggested by plaintiff that it is a hardship to deprive him of his remedy because the architect withholds the certificate. If it is a hardship, it is one which the plaintiff has brought upon himself by agreeing that the architect shall be the judge of the quality and value of his work. If parties insist upon binding themselves with such stipulations in writing, they must suffer the consequences of this character which come to them as a result of it. No bad faith on the part of either the architect or the defendant has been called to our attention, and we have found no evidence of it in the record.

The trial court instructed the jury that the defendant had waived his right to insist upon the certificate. We are not informed upon what this is based unless it is upon the refusal of the architect to issue it. Evidence of a refusal alone would not justify that conclusion. There was no evidence of an express waiver upon the part of the defendant, and if there were any evidence of implied waiver, such evidence should have been submitted to the jury under proper instructions.

Plaintiff argues that he is entitled to recover on his count of the *quantum meruit* for the value of the materials and labor furnished less what damage defendant has suffered by reason of the failure to complete the work according to the contract. That is the ordinary rule where there has been a substantial compliance with the contract, but there are exceptions to that rule, and as was said in *Hanley* v. *Walker, supra*, we think this is one of them. The contract in that case was very similar to the one under con-

sideration.   The same claim was made in that case, and the court, in passing upon it, said, in part, that the ordinary rule ''does not apply to cases where the parties have by their agreement made some act or fact a condition precedent to payment, unless the other party has waived the condition,'' and in that case the right to recover under a *quantum meruit* was denied.   We think it should likewise be denied in this case.

The trial court should have instructed the jury in accordance with the defendant's second contention, and his failure to do so is ground for reversal.

The judgment of the trial court should be reversed and a new trial ordered.