E C NOLAN CO, INCORPORATED v DEPARTMENT OF STATE
HIGHWAYS

(E C NOLAN CO, INCORPORATED v STATE)

1. CONTRACTS — CONSTRUCTION — EXTRA WORK — COMPENSATION —
STATES

Approval by a state highway project engineer of extra charges for
proposed additional work to be done by a private construction
company constituted an authorization for doing the work under
the definition of "extra work" in the Standard Specifications for
Road and Bridge Construction of the contract and became part
of the contract and in the absence of fraud or bad faith is
dispositive of the factual issue whether the charge was for
"extra work".

2. CONSTITUTIONAL LAW—CONTRACTS—COMPENSATION.

The constitutional prohibition against the state granting or au-
thorizing extra compensation to a contractor after a service has
been rendered does not prevent compensation where authoriza-
tion was given before the service was rendered and became a
part of the contract (Const 1963, art 11, § 3).

Appeal from Court of Claims, Richard Robinson,
J. Submitted Division 2 January 10, 1973, at Lans-
ing. (Docket No. 13501.) Decided February 26,
1973.

Complaint by E. C. Nolan Co., Incorporated, and
Jarvick Construction Company against the State of
Michigan and the Department of State Highways
for compensation under a construction contract.
Judgment of no cause of action. Plaintiffs appeal.
Reversed and remanded with instructions.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 13 Am Jur 2d, Building and Construction Contracts §§ 19, 21–25.

*Doyle & Smith, P. C.* (by *James G. Halverson*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, for defendant.

Before: Bronson, P. J., and McGregor and Danhof, JJ.

Per Curiam. Plaintiffs appeal from a judgment of no cause of action entered by the Court of Claims. The matter was submitted upon a stipulated statement of facts which indicate the following.

The plaintiffs and defendants entered into a contract involving the construction of a temporary road and bridge. A carpenters' strike in the Detroit area prolonged the progress schedule so that the work could not be completed within the contract progress schedule. Michigan Department of State Highways was advised of the strike and the resultant delay and granted plaintiffs an extension of time for placement of certain bituminous materials as required by the contract. The carpenters' strike had continued so long that the bituminous plant which supplied the materials had been closed for the winter. Employees of the Department of State Highways, specifically the project engineer and district engineer, set up a force account for additional compensation for the activation and deactivation of the bituminous plant. Approximately two years later plaintiffs were notified by defendants that the authorizations for the additional compensation had been cancelled. The 1965 Michigan Standard Specifications for Road and Bridge Construction are part of the contract.

Plaintiffs claim that the extra compensation is defined as "extra work". Section 1.04.04 of the 1965 Michigan Standard Specifications for Road and Bridge Construction defines "extra work" as follows:

"Extra Work.—In connection with the work covered by the contract, the Engineer may, at any time during the progress of the work, order other work or use of materials incidental thereto. All such work and materials which do not appear in the proposal and contract as a specific item, accompanied by a unit price, and are not included under the price bid for other items in the contract shall be designated Extra Work. The Contractor shall perform this work whenever it is deemed necessary or desirable by the Engineer to complete fully the project as contemplated, and such work shall be done in accordance with the intent of the specifications under the direction of the Engineer.

"Prior to starting any extra work, the Engineer shall furnish the Contractor a proposal, on regulation form, stating the location, kind and estimated quantity of the extra work to be done. The Contractor shall indicate on this proposal the compensation (unit price or lump sum) for which he will perform the extra work, and this proposal shall be submitted to the Engineer for approval. The Engineer may approve the proposal, in which case it shall constitute an authorization for doing the work and shall become part of the contract. If the Engineer considers the unit price or lump sum price excessive, he may disapprove the proposal and order the work done by force account."

Section 1.01.02 of the specifications defines engineer as follows:

"Engineer: a. The Chief Engineer of the Department or other duly authorized representative of the Director acting either directly or through his authorized representatives who will be responsible for engineering supervision of the construction when the state is the awarding authority."

Although there may be some question as to

whether the reactivation of the bituminous plant was "extra work" we do not believe that this is an issue in the case. The project engineer approved the extra charges as extra work and § 1.04.04 indicates as follows:

"The Engineer may approve the proposal, in which case it shall constitute an authorization for doing the work and *shall become part of the contract."* (Emphasis added.)

The decision of the project engineer was final and became part of the contract, and in the absence of fraud or bad faith is dispositive of the factual issue as to whether the reactivation of the plant was or was not "extra work". *Schneider v Ann Arbor,* 195 Mich 599 (1917).

Defendants claim that Const 1963, art 11, § 3 prohibits the payment of this claim. It states:

"Neither the legislature nor any political subdivision of this state shall grant or authorize extra compensation to any public officer, agent or contractor after the service has been rendered or the contract entered into."

The above is a prohibition against granting compensation after the service has been rendered. In the instant case the authorization was given before the service was rendered and became a part of the contract.

The defendants by their own specifications granted this authority to the project engineer and there is no provision for cancellation of this decision by higher authorities in the Department of State Highways. If the defendants wish to change this procedure it is incumbent upon them to change their specifications.

Reversed and remanded and the trial court is ordered to enter a judgment in favor of the plaintiffs in the amount stated in the stipulated facts. Costs to the plaintiffs in both courts.