LANZO CONSTRUCTION COMPANY v CITY OF PORT HURON

Docket No. 77-4858. Submitted October 5, 1978, at Detroit.—Decided
February 6, 1979. Leave to appeal applied for.

Lanzo Construction Company was awarded a contract by the City
of Port Huron for the installation and construction of sanitary
sewers, storm sewers, and roadways. After completion of the
project, Lanzo submitted a claim to the city requesting an
additional $44,000-plus as costs for restoration of sidewalks and
driveways which had been removed. The city's engineer, who
was designated as the arbitrator of certain disputes arising
under the contract, concluded that the restoration costs were
supposed to have been included in Lanzo's base bid on the
sewer project and denied the claim. Lanzo then commenced an
action seeking to recover for the restoration costs. The St. Clair
Circuit Court, Ernest F. Oppliger, J., granted judgment for
plaintiff. The defendant appeals, raising the issue of whether
the trial court erred in refusing to apply the construction
contract's arbitration clause. *Held:*

The trial court's ruling that the project engineer, as an agent
of the city, was not an appropriate person to act as an arbitra-
tor of plaintiff's claim for additional compensation was erro-
neous. Michigan's case law recognizes the propriety of using
the engineer to resolve such disputes. Further, the claim for
further compensation for the restoration work was a question
within the arbitrator's authority since the restoration work was
within the specifications of the contract.

Reversed.

1. ARBITRATION AND AWARD — MUNICIPAL CORPORATIONS — CON-
   STRUCTION CONTRACTS — CITY ENGINEERS — APPEAL AND ER-
   ROR.
   Michigan case law recognizes the propriety of using a city engi-
   neer to act as an arbitrator of claims for additional compensa-

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Building and Construction Contracts § 34.
[2] 5 Am Jur 2d, Arbitration and Award § 145.
[3] 5 Am Jur 2d, Arbitration and Award § 41.
[4] 5 Am Jur 2d, Arbitration and Award § 14.

tion under a construction contract between a contractor and the city; where a construction contract provides that the city engineer will serve as arbitrator between the city and the contractor and that his decision will be final, the engineer's decision cannot be reviewed by the court absent fraud or bad faith.

2. ARBITRATION AND AWARD — CONTRACTS — ARBITRATION AGREE-
MENTS — COURTS — CIRCUIT COURT.

The circuit court does not sit as a reviewing court, either in fact or in law, to examine the results or the merits of an arbitration decision pertaining to a contract dispute covered by an arbitration clause in the contract; it is well established that an arbitrator can be plain wrong and yet his award not be subject to reversal by the courts.

3. ARBITRATION AND AWARD — PUBLIC POLICY.

Public policy in this state favors arbitration in the resolution of disputes.

4. ARBITRATION AND AWARD — ARBITRATION CLAUSES — LIBERAL
CONSTRUCTION — COURT RULES.

Arbitration clauses contained in contracts are to be liberally construed, resolving any disputes about the arbitrability of an issue in favor of arbitration; if the arbitration clause arguably includes the asserted dispute, then arbitration should be ordered upon proper motion (GCR 1963, 769).

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Thomas J. Beale),* for plaintiff.

*Bush, Luce, Henderson, Black & Bankson,* for defendant.

Before: BRONSON, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. This is an appeal by defendant City of Port Huron from a decision of the St. Clair County Circuit Court awarding plaintiff Lanzo Construction Company $38,240 in its breach of contract suit against defendant. A single issue is presented, that is, did the trial court err in refus-

ing to apply the construction contract's arbitration clause which allowed the designated arbitrator/ engineer to resolve plaintiff's claim for additional compensation? We hold that it did.

Lanzo Construction Company was awarded a contract for the installation and construction of sanitary sewers, storm sewers and roadways by the city. As part of the job, Lanzo restored sidewalks and driveways which had necessarily been removed in order to lay the sewer lines. After completion of the project, Lanzo submitted a claim to the city requesting an additional $44,000-plus as costs for the restoration work. The engineer, pursuant to the contract arbitration clause, concluded that the restoration costs were supposed to have been included in Lanzo's base bid on the sewer project and denied the claim. Lanzo then filed this suit.

The contract between the parties contained the following arbitration clause:

"In case any inconsistency, omission, or conflict shall be discovered in either specifications or drawings, or if in any place, the meaning of either or both shall be obscure, or uncertain, or in dispute, the Engineer shall decide as to the true intent and his decision shall be final and binding."

The trial court viewed this case as presenting two related issues: (1) whether or not the construction contract was ambiguous; and (2) if so, whether the contract's arbitration clause requires the engineer to resolve the ambiguity. The lower court found the contract to be ambiguous and this finding is not contested on appeal. As to the second issue, the trial court concluded that, although the arbitration clause empowers the engineer "to construe and define the intent and meaning of plan-

ned *[sic]* specifications * * * the power to construe the contract itself and determine what is within and what is without such contract belongs primarily to the Courts". The trial court deemed it inequitable to allow the city's agent, that is, the engineer, to pass upon the contractor's "reasonable interpretation" of the contract. Holding that the question of whether or not Lanzo was entitled to additional compensation was one for the courts, the lower court construed the ambiguous contract against the drafter, the city, and awarded Lanzo $38,240.

We find erroneous the trial court's conclusion that the project engineer, as an agent of the city, was not an appropriate person to act as arbitrator of plaintiff's claim for additional compensation. Michigan case law has recognized historically the propriety of using the engineer to resolve disputes between the parties. *Algate v City of Lansing,* 180 Mich 484; 147 NW 561 (1914), *Fisher v Burroughs Adding Machine Co,* 166 Mich 396, 397; 132 NW 101 (1911), *E C Nolan Co, Inc v Dep't of State Highways,* 45 Mich App 364, 366-367; 206 NW2d 472 (1973). See also, Anno: *Right of architect or engineer to construe building or construction contract,* 137 ALR 530. Illustrative of this view is the case of *Schneider v Ann Arbor,* 195 Mich 599, 606; 162 NW 110 (1917), wherein the Court upheld a provision in a public works contract which provided that the city's own engineer would serve as arbitrator between the city and its contractor and that the decision of that engineer would be final in any matter. The Court stated:

> "He [the engineer] was made by their agreement the final arbitrator, and his action cannot be reviewed by the courts, in the absence of fraud or bad faith. Such provisions are designed to prevent the possibility of

disputes arising between the parties, and to avoid expensive and frequently ruinous litigation, and are uniformly upheld. * * * The burden is on the plaintiff to impeach the determination of the engineer if he claims fraud or bad faith. There is no evidence of either. The determination of the engineer is therefore final."

Having established that the engineer was competent to serve as the arbitrator, we address the issue whether the plaintiff's claim for additional compensation for the restoration work was a question within the arbitrator's authority. As the cited arbitration clause limits the arbitrator's authority to disputes involving specifications or drawings, the issue turns on whether the restoration work is within the specifications of the contract.

Initially, the controversy concerning the restoration work required that the parties go to the contract and determine where defendant city had made provision for that work. Our review of the language and organization of the contract indicates that the general heading "specifications" includes three sections relevant to the subject of restoration work. These contract sections state:

"4. Sewer Construction

"*Work Not Included.* Casing pipe construction, restoration of permanent type roadway surfaces, concrete sidewalks, curbs and gutters, and driveways.

* * *

"11. Restoration Work

* * *

"*Work Included.* This work shall include the replacement of all permanent type roadways surfaces, concrete sidewalks, curbs and gutters, and driveways, damaged or removed due to the construction of the pipe and appurtenant structures. All such work shall be in accordance with the best modern practice and the city standards.

* * *

"15. Method of Payment

* * *

"*Sewers* * * * Payment for this work shall include the furnishing, installation, infiltration or exfiltration testing, excavation, trenching, cofferdams, dewatering, all backfilling unless otherwise specified disposal of excess material, temporary sheeting and bracing, tree removal, removal of existing sewers or drains, repair and replacing of all existing utilities, lawn areas, connection of existing sewers and all other work required for a complete job. *Items not listed in the proposal shall be considered as incidental to the work unless otherwise noted.*" (Emphasis added.)

The trial court found that the conflicting language of §§ 4, 11 and 15 created ambiguity as to whether the restoration work might or might not have been contemplated by the parties as included in the contract language as "work not included" or "restoration work". That of course only defines the controversy. It is the next step which the trial court took that constituted error. The court stated that compensation for the restoration work related to "what is within and what is without such contract" and thus was beyond the competence of the arbitrator. The court excised the question from the general heading "specifications" simply by ignoring the places within the contract documents under which the conflicting provisions were contained.

There is no difficulty in placing the source of the ambiguity. In fact it is more than an ambiguity, it is a contradiction. The project engineer who prepared the specifications for McNamee, Porter & Seeley, Mr. John Adams, testified as to its origin that he inserted in § 4 of the specifications a standard specification which erroneously contained

the following clause: *"Work Not Included.* Casing pipe construction, restoration of permanent type roadway surfaces, concrete sidewalks, curbs and gutters, and driveways." Mr. Adams clearly, unequivocally and concisely testified:

"[T]hat section, work not included, should have been omitted from that particular spec because that was not the intent nor was that clause consistent with the remainder of the specifications."

With that as a predicate the conclusion is somewhat compelling that Lanzo Construction Company's "reasonable interpretation" of the contract should have been implemented during the arbitration process by the engineer. Perhaps equitable considerations played some part in the result which obtained at the circuit court level. However the circuit court does not sit as a reviewing court either in fact or in law to examine the results or the merits of an arbitration decision. It is well established law that the arbitrator can be plain wrong and yet his award not be subject to reversal by the courts. See *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221, 250-251; 230 NW2d 556 (1975), and authorities therein cited.

There are, or course, two sides to the question of whether in the overall context the decision of the arbitrator was correct. The original contract was for just under two million dollars and with the additions, extras and addenda it was remarked at trial that the total reached 2-1/2 million dollars. The damages complained of for the contractor's interpretation of the surplus "work not included" clause are slight in comparison. Also this was one part of a four-part contract and the testimony was that the other contractors had interpreted the

clause in accordance with the city's and the engineer's intentions. In any event there is room for argument.

There is no room for argument as to whether or not the offending surplus clause was contained in the specifications. It clearly was.

Public policy in this state favors arbitration in the resolution of disputes. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). Arbitration clauses contained in contracts are to be liberally construed, *Stadel v Granger Brothers, Inc,* 4 Mich App 250, 258; 144 NW2d 609 (1966), resolving any disputes about the arbitrability of an issue in favor of arbitration. See also, *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975). If the arbitration clause arguably includes the asserted dispute, then arbitration should be ordered upon proper motion. GCR 1963, 769, *Ferris State College v Ferris Faculty Ass'n,* 72 Mich App 244; 249 NW2d 375 (1976).

Therefore, we reverse the trial court and hold that the dispute between the city and the contractor concerning the restoration work attendant upon the installation of a sewer line related to specifications, rather than to the content of the construction contract, and thus, was a proper subject for decision by the project engineer pursuant to the contract's arbitration clause.

Reversed.