NORTHLAND INSURANCE COMPANY v SNY

Docket No. 45174. Submitted April 1, 1980, at Lansing.—Decided July 2, 1980.

Plaintiff, Northland Insurance Company, brought an action seeking a declaratory judgment that defendant, Luren C. Sny, by his failure to notify the plaintiff without unreasonable delay of an accident, had waived the right to arbitrate his claim for benefits under the insurance policy issued by plaintiff. Defendant moved for summary judgment. The Saginaw Circuit Court, Eugene Snow Huff, J., granted defendant's motion for summary judgment and ordered the parties to proceed to arbitration. Plaintiff appeals. *Held:*

Summary judgment was properly granted in favor of defendant insured. The true nature of the dispute is whether defendant insured's delay in notifying plaintiff insurer of his claim acted as a waiver which would bar recovery under the insurance policy. Such a question must be resolved by arbitration pursuant to the arbitration provisions of the insurance policy rather than by the courts.

Affirmed.

INSURANCE — ARBITRATION AND AWARD — NOTIFICATION OF CLAIM — WAIVER — DECLARATORY JUDGMENT.

Summary judgment is properly granted in favor of an insured in an action by an insurer seeking a declaratory judgment that the insured, by his delay in notifying the insurer of an accident, waived his right to arbitrate his claim under the insurance policy; the true nature of the dispute is whether the insured's conduct will operate to bar recovery under the policy, a question which must be resolved at arbitration rather than by the court.

REFERENCES FOR POINTS IN.HEADNOTES

[1] 22 Am Jur 2d, Declaratory Judgments § 93.
  44 Am Jur 2d, Insurance §§ 1711, 1713, 1916-1919.
  Laches or statute of limitations as bar to arbitration under agreement. 37 ALR2d 1125.

*Smith & Brooker, P.C.* (by *Thomas A. Connolly),* for plaintiff.

*LeFevre, Swartz & Wilson,* for defendant.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

M. J. KELLY, J. Plaintiff filed suit seeking a declaratory judgment that defendant had waived the right to arbitrate his claim for uninsured motorist benefits under an insurance policy with plaintiff due to unreasonable delay in notifying plaintiff of the accident out of which defendant's claim arose. A Saginaw County circuit judge granted defendant's motion for summary judgment and, under GCR 1963, 769.2(2), ordered the parties to proceed to arbitration. Plaintiff appeals.

Plaintiff argues that the circuit court should have determined whether the defendant's conduct operated as a waiver of his right to arbitrate his claim, rather than leaving the resolution of that question to the arbitrator. We disagree. GCR 1963, 769.2(4) provides that an order for arbitration shall not be refused on the ground that the claim lacks merit. Thus plaintiff's claim that defendant has waived the right to arbitration must be resolved at arbitration and not by the court. Public policy favors arbitration and arbitration clauses are liberally construed with all doubts in favor of arbitration. *Campbell v Community Service Ins Co,* 73 Mich App 416; 251 NW2d 609 (1977).

The true dispute between the parties is whether defendant's conduct will operate to bar recovery of uninsured motorist benefits from plaintiff. Under the three-part test used by this Court to test the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arbitrability of particular issues, we find that (1) there is an arbitration agreement contained in the contract between the parties; (2) the disputed issue is arguably within the arbitration clause; and (3) the dispute is not expressly exempted from arbitration by the terms of the contract. See *Detroit Automobile Inter-Ins Exchange v Reck,* 90 Mich App 286, 290; 282 NW2d 292 (1979), *lv den* 407 Mich 870 (1979), *Clinton Twp v Contrera,* 92 Mich App 297; 284 NW2d 787 (1979). Thus, the dispute is arbitrable and the summary judgment was properly granted. See *Lanzo Construction Co v Port Huron,* 88 Mich App 443, 450; 276 NW2d 613 (1979), *lv den* 406 Mich 999 (1979).

Affirmed.