GOCHA *v.* FETTEROLF.

1. INSURANCE—AMBIGUITY—CONSTRUCTION OF POLICY.

Any ambiguity in coverage clauses of an automobile insurance policy must be construed most strongly against the insurer which drafted the policy.

2. SAME—"DRIVE OTHER CAR" COVERAGE—EVIDENCE.

Trial court's finding in nonjury action against garnishee insurer under automobile insurance policy that car used by insured, belonging to his sister, was furnished to insured for his occasional use only and not for regular use *held,* supported by evidence, hence, coverage under policy issued on insured's own car under "drive other car" provision was not excluded.

3. APPEAL AND ERROR—NONJURY CASES—FINDING OF COURT—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse in a nonjury law case unless the evidence clearly preponderates against the findings of fact of the trial court.

Appeal from Midland; Holbrook (Donald E.), J. Submitted April 4, 1961. (Docket No. 2, Calendar No. 48,939.) Decided June 29, 1961.

Case by Nellie M. Gocha, guardian of Cheryl Lynn Gocha, a minor, against Garold W. Fetterolf and Eleanor Lashway for personal injuries sustained in automobile accident resulted in judgment against Garold W. Fetterolf. Garnishment proceedings

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobile Insurance § 3.
[2] 5A Am Jur, Automobile Insurance § 88.
Construction of provision excluding coverage of other automobile regularly used by insured. 173 ALR 901.
[3] 3 Am Jur, Appeal and Error §§ 817, 895.

against State Farm Mutual Automobile Insurance Company defended on policy exclusion with respect to operation of other automobiles by assured. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Walter J. Barkey,* for plaintiff.

*Smith, Brooker & Harvey* (*Carl H. Smith, Sr.,* of counsel), for garnishee defendant.

Kavanagh, J.   This is a garnishment action, plaintiff having recovered a judgment against defendants Garold W. Fetterolf and Eleanor Lashway in the amount of $7,988.06.

Eleanor Lashway, sister of Garold W. Fetterolf, owned a 1948 Oldsmobile. She was leaving Midland to live and work in Kalamazoo. Her brother, Garold W. Fetterolf, was mechanically inclined and worked for a gasoline station. Her parents, with whom she was living in Midland, had no place to keep the car. She had no place to keep it in Kalamazoo. She left the car with her brother, asking him to keep it up for her and more or less take care of it for her, giving her brother permission to use her car if need be, but not to use as a second car. The brother owned another car which was in good condition and which he drove daily to and from his work. Occasionally he drove his sister's car in and around Midland. A few times he drove it to work, but ordinarily used his own car, which was a much newer model. On the day of the accident, June 27, 1957, he was driving his sister's car.

After obtaining the judgment in the lower court, plaintiff garnisheed State Farm Mutual Automobile Insurance Company. The garnishment action was predicated upon a claim that State Farm had a valid policy of insurance in effect on the car owned by

Garold W. Fetterolf and that coverage was extended to the car owned by his sister and driven by him at the time of the accident by virtue of what is commonly referred to as a "drive other car" provision in the policy.*

State Farm defended on the ground that paragraph 4 of the insuring agreement exempts a car furnished for *regular use* to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse. Paragraph 4 referred to reads in part as follows:

"(c) Insuring agreement 4 does not apply:

"(1) To any automobile owned by, registered in the name of, hired as part of a frequent use of hired automobiles by, *or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse."* (Emphasis supplied.)

The trial court found the vehicle was not furnished for regular use within the meaning of paragraph 4 (c)(1). State Farm claims the undisputed testimony shows the contrary to be true.

Judgment was entered by the trial court against State Farm Mutual Automobile Insurance Company for the amount of plaintiff's judgment together with interest and costs of the suit, making a total of $8,478.06.

State Farm appeals presenting 2 questions:

(1) Is the policy of insurance ambiguous as to paragraph 4(c) as found by the trial court?

(2) Did the evidence given in the garnishment proceedings support the trial court's finding that the

---

* "Use of other automobiles. If the named insured * * * owns an automobile covered by this policy * * * such insurance as is afforded by this policy * * * with respect to said automobile applies to any other automobile."

automobile was furnished the principal defendant Fetterolf "for occasional use" only?

The lower court did not hold the policy of insurance ambiguous, but indicated that if there was a question of ambiguity it must be construed most strongly against the insurance company, the policy having been drafted by the insurance company. We find no error in this regard.

We conclude there was evidence to support the trial court's finding that the automobile was furnished the principal defendant Fetterolf "for occasional use" only. We do not in a law case tried without a jury reverse unless the evidence clearly preponderates against the findings of fact of the trial court. *Houghton* v. *Roberts,* 357 Mich 223. We cannot here so conclude.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.