## MERRILL v. SHUMWAY.

1. TRIAL—TRANSFER FROM NONJURY TO JURY CALENDAR—DISCRETION
   OF COURT.
   The transfer of a cause from the nonjury calendar to the jury
   calendar of the trial court after the expiration of 15 days
   after the cause was at issue without demand for a jury trial
   having been made is a matter for discretion of the trial court
   (Court Rule No 33, § 3 [1945]).

2. SAME—TRANSFER OF CAUSE FROM NONJURY TO JURY CALENDAR—
   DISCRETION OF COURT.
   Trial court's denial of motion to transfer cause, arising from
   automobile accident at intersection, from nonjury calendar to
   jury calendar, filed more than 5 months after the cause was at
   issue, *held*, not an abuse of discretion, where trial court stated
   in denial of motion to transfer that the case could and would
   be heard much sooner and more expeditiously if left on the
   nonjury calendar (Court Rule No 33 [1945]).

3. APPEAL AND ERROR—NONJURY CASES—QUESTION FOR TRIER OF
   FACTS—EVIDENCE.
   The Supreme Court does not review a nonjury case *de novo* nor
   substitute its judgment for that of the trial court as to what
   the facts are as established by the proofs, the Supreme Court's
   determination in such respect being limited solely to whether
   the trial court's finding of facts is against the clear preponder-
   ance of the evidence.

4. AUTOMOBILES—NONJURY CASE—INTERSECTION ACCIDENT—NEGLI-
   GENCE—FINDING OF COURT—EVIDENCE.
   Finding of trial court in nonjury case that southbound defendant
   motorist on his right-hand side of 2-lane through highway,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 5-7.
[3] 3 Am Jur, Appeal and Error § 817.
[4] 53 Am Jur, Trial § 1131 *et seq.*

driving at a lawful speed, was not guilty of negligence as he drove into right side of westbound car in which plaintiff was a guest passenger, where latter car had not stopped as required before entering the through highway, was on right-hand side of its highway, and view of it was obstructed by a high, earthen bank immediately northeast of the intersection *held,* not against the clear preponderance of the evidence, there being insufficient time, after car in which plaintiff was riding came into view and failed to stop as required, for defendant to do anything to avoid the accident (CLS 1956, § 257.651).

Appeal from Jackson; Dalton (John C.), J. Submitted January 12, 1962. (Docket No. 89, Calendar No. 49,316.) Decided July 2, 1962.

Case by Virginia Merrill against Forest T. Shumway for personal injuries sustained in automobile collision on November 21, 1957. Judgment for defendant. Plaintiff appeals. Affirmed.

*Felix F. Best,* for plaintiff.

*McKone, Badgley, Domke & Kline (Maxwell F. Badgley,* of counsel), for defendant.

DETHMERS, J. Plaintiff sued for damages resulting from injuries sustained in an intersection automobile accident. She was a guest passenger in an automobile being driven by her father. It collided with another automobile which was owned and being driven by defendant. Plaintiff appeals from judgment of no cause for action entered by the trial judge, as trier of the facts, on its finding of no negligence on defendant's part which was a proximate cause of the accident.

The first question plaintiff raises on appeal is whether it was error for the court to deny plaintiff's motion to transfer the case from the nonjury to the jury calendar. That motion was filed more

than 5 months after the cause was at issue. No previous demand for trial by jury had been filed. Michigan Court Rule No 33 (1945), requires that a demand for jury trial, to be made in writing, shall be filed not later than 15 days after the cause is first at issue. Plaintiff says the failure to make timely demand for jury trial was due to "inadvertence of plaintiff's counsel". Court Rule No 33, § 3, makes the transfer here sought discretionary with the trial court. The court stated as its reason for denying the motion for transfer that the case could and would be heard much sooner and more expeditiously if left on the nonjury calendar. For cases in which denial of a belated demand for trial by jury has been held not an abuse of discretion nor grounds for reversal, see: *Zoski* v. *Gaines,* 271 Mich 1; *Basmajian* v. *City of Detroit,* 256 Mich 539; *Richey* v. *Monroe County Board of Education,* 346 Mich 156. No abuse of discretion is shown here in denying the motion.

The next question involved as stated in plaintiff's brief is: "Was defendant Shumway guilty of negligence which was a proximate cause of the accident?" Her brief presents no argument that the trial court's finding, as a matter of fact, in the negative, is against the clear preponderance of the evidence, but merely that a chronological analysis of the facts "leads one to the conclusion that the defendant was guilty of negligence which was the proximate cause of the accident." It is not the function of this Court, in an appeal from a trial court's decision on the facts in a nonjury law action, to hear the matter *de novo* and substitute our judgment for that of the trial court as to what the facts are as established by the proofs. Our determination in that regard is limited solely to whether the trial court's finding of facts is against the clear preponderance of the evidence. *Noyce* v. *Ross,* 360 Mich 668; *Lynes* v.

*J. R. Heineman & Sons, Inc.*, 363 Mich 276; *Houghton v. Roberts*, 357 Mich 223; *Gocha v. Fetterolf*, 363 Mich 344. As noted, plaintiff does not say, and we do not conclude, that the trial court's finding, as a matter of fact, that defendant had not been shown to be guilty of negligence which was a proximate cause of the accident is against the clear preponderance of the evidence. For that conclusion, the following recital of facts suffices:

Defendant was traveling south on his right-hand side of a 2-lane, through highway, at a speed not in excess of the lawful limit, at about the hour of 11 a.m. Plaintiff's driver, approaching that through highway from the east, was driving his automobile westerly on his right-hand side of an intersecting, 2-lane highway at from 20 to 25 miles per hour. He was required, as disclosed by stop sign, to stop before entering the intersection. Some distance back, when he applied his brakes, he had noticed that his car began to slip, so he decided to disregard the stop sign. He drove into the intersection without stopping. Defendant testified that the view between the 2 cars was obstructed by a high, earthen bank immediately northeast of the intersection, so that he did not see the car in which plaintiff rode until it was about to enter the intersection and defendant was then about 75 feet from the intersection, traveling at about 45 to 50 miles per hour; that as defendant then became aware that the other car was not going to stop as required by law,* it was too late for defendant to do anything to avert an accident. The front of defendant's car then struck the right center of the other car.

The trial court held, in effect, that defendant could not have seen the other car much earlier than he did and that, even had he seen it at the first possible

---

* See PA 1949, No 300, § 651 (CLS 1956, § 257.651, Stat Ann 1952 Rev § 9.2351).—REPORTER.

moment after it emerged from behind the bank, he had a right to assume its driver would heed the stop sign and come to a stop and that when first it could or should have become apparent to defendant that the other car was not going to stop, sufficient time no longer remained for defendant to do anything to avoid the accident.

On such finding of facts, amply supported by the record, we cannot say that the court's further finding that defendant had not been shown to have been guilty of negligence which was a proximate cause of the accident is against the clear preponderance of the evidence. For rights and privileges of favored driver on through highway, see: *McGuire* v. *Rabaut,* 354 Mich 230; *Churukian* v. *LaGest,* 357 Mich 173.

Affirmed. Costs to defendant.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.