PIETRZYKOWSKI *v.* SAFIE.

OPALEWSKI *v.* SAME.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—PICKLE AND PEPPER PRESERVERS AND PACKERS—UNIONS.

Trial court's finding that employment contracts between plaintiffs and defendant, which included provision that "as long as plant is in operation, there will be work for said employee" did not entitle plaintiffs, experienced in pickle and pepper preserving and packing process, to employment any time defendants had any work of any kind *held,* supported by record, in view of the nature of the business, plaintiffs' prior experience, defendants' method of operation and work assignments, and the employment contracts as a whole.

2. SAME—CONTRACT OF EMPLOYMENT—PICKLE AND PEPPER PRESERVERS AND PACKERS—UNIONS.

Record in consolidated actions by pickle and pepper preservers and packers for breach of employment contracts *held,* to support trial court's findings that the individual contracts were not breached prior to time a union contract had been entered into between defendants and union of which plaintiffs were members and which latter contract superseded the individual contracts, and that there had been no breach of the union contract.

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 October 5, 1965, at Lansing. (Docket Nos. 242, 243.) Decided November 15, 1965. Rehearing denied December 16, 1965. Leave to appeal denied by Supreme Court February 28, 1966. See 377 Mich 703.

Declaration by Edmund Pietrzykowski against George Safie and Louis Safie, individually and doing business as Safie Brothers Farm Pickle Company, a copartnership, and Safie Brothers Farm Pickle Com-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 35 Am Jur, Master and Servant § 34 *et seq.*

pany, Inc., a Michigan corporation, for breach of a contract to employ. Similar action by William Opalewski. Cases consolidated for trial. Judgments for defendants. Plaintiffs appeal. Affirmed.

*Livingston, Gregory, Van Lopik & Cranefield* (*Winston L. Livingston* and *Nancy Jean Van Lopik,* of counsel), for plaintiffs.

*Neale & Steeh* (*George C. Steeh,* of counsel), for defendants.

QUINN, P. J. These cases were consolidated for trial and are consolidated on appeal. They involve employment contracts identical in terms, except for rate of compensation. Prior to July, 1959, plaintiffs were employed by Crown Foods for several years; their work was in the pickle and pepper preserving and packing process. Defendants operate a similar business. After negotiations, the parties entered into written contracts of employment July 15, 1959, for terms of five years. Among other things, the contracts provided:

"This contract shall be in effect from and after the 15th day of July, 1959, and it is understood and agreed by and between the parties hereto that nothing contained in this agreement shall prevent the company from laying said employee off if no work is available, *however, as long as plant is in operation, there will be work for said employee.*"

October 1, 1961, defendants entered into a union contract; plaintiffs joined the union, voted on the question of ratification of the collective bargaining agreement and acquiesced in the result of unionization up to the time of filing these suits. Article 2, § b of the union contract provides:

"It is understood and agreed that no employee

shall suffer a reduction in wages or the loss of any condition heretofore enjoyed as a result of the signing of this agreement."

Contending that defendants wilfully and knowingly breached the employment contracts by not offering work to plaintiffs when the plant was in operation, these cases were filed in Macomb county circuit court December 18, 1961. In their answers, defendants pleaded as an affirmative defense that the union contract superseded the individual employment contracts with respect to seniority and that the union contract had been complied with fully. The trial court sitting without a jury found the contracts had not been breached prior to the union contract; that thereafter it controlled on the question of seniority and no breach of the union contract was established. Judgments of no cause for action entered.

Plaintiffs raise two questions on appeal, namely:

"1. Did plaintiffs' employment contracts, properly construed, entitle them to employment when defendants had any work of any kind to be performed?

"2. May defendants rely on the seniority provisions of the subsequent collective bargaining agreement as a defense to plaintiffs' suits for breach of their individual employment contracts?"

Considering the prior experience of plaintiffs, the nature of the pickle and pepper preserving and packing process, defendants' method of operation and work assignments, and the employment contracts as a whole, the record supports the trial court's finding that such contracts did not entitle plaintiffs to employment any time defendants had any work of any kind. As so interpreted, the record amply supports the further finding that prior to union contract, the individual contracts were not breached. With this determination, the appellate process ends as to the

first question. *Merrill* v. *Shumway* (1962), 367 Mich 14.

In view of *J. I. Case Company* v. *National Labor Relations Board* (1943), 321 US 332 (64 S Ct 576, 88 L ed 762), plaintiffs' position on the second question cannot be sustained. The trial court properly held that the union contract superseded the individual contracts; that this was a proper defense; and that the record demonstrated compliance with the union contract.

The trial court is affirmed, with costs to defendants.

McGREGOR and WATTS, JJ., concurred.