CHAMPION v KENOWA HILLS PUBLIC SCHOOLS

Docket No. 84068. Submitted February 4, 1986, at Grand Rapids. Decided December 15, 1986.

Plaintiff, Arthur P. Champion, brought an action in the Kent Circuit Court against defendant, Kenowa Hills Public Schools, for breach of an employment contract. In 1961, plaintiff was hired as a teacher by Fairview School District No. 11. In 1964, defendant annexed the school district and became plaintiff's employer. In 1965, plaintiff was appointed principal of an elementary school and was told that as an administrator he would continue to accumulate seniority toward a teaching position. That same year, the board of education recognized the Kenowa Hills Education Association (KHEA) as the exclusive bargaining representative for its teachers and other related employees, not including administrators, under the provisions of the public employment relations act. Since plaintiff was an administrator, he was not a member of KHEA. Defendant entered into its first contract with KHEA on September 1, 1966, covering the 1966-67 school year. Thereafter, bargaining agreements were reached on a yearly basis. None of the collective bargaining agreements contained a definition of seniority until the 1972-73 agreement, which defined seniority as "years of service within the Kenowa Hills Schools." The 1978-80 collective bargaining agreement redefined seniority as "years of teaching within the Kenowa Hills Public Schools during the regular school year." As a result of the change in the definition of seniority, the KHEA filed a grievance challenging an administrator's right to accumulate teaching seniority while serving as an administrator. In October, 1979, an arbitrator issued an opinion ruling that administrators could not accumulate teaching seniority while occupying an administrative position. As a result of the arbitrator's decision, plaintiff was notified that his years as an administrator would not count towards the accumulation of teaching seniority. At the end of the 1980-81 school

REFERENCES

Am Jur 2d, Labor and Labor Relations § 962.

Validity and construction of labor contract provision modifying or destroying rights under prior contract. 90 ALR2d 1003.

year, plaintiff was informed that due to financial difficulties his contract as an administrator would not be renewed and that, since he did not receive credit toward seniority for the years he was employed as an administrator, he lacked seniority to obtain a teaching position and was placed on layoff status. The court, Stuart Hoffius, J., granted summary judgment for defendant. Plaintiff appealed.

The Court of Appeals *held:*

The rights and duties established by a contract between an employer and an employee may not be bargained away in a subsequent contract between the employer and a collective bargaining unit of which the employee is not a member.

Reversed and remanded.

LABOR RELATIONS — CONTRACTS — UNIONS.

The rights and duties established by a contract between an employer and an employee may not be bargained away in a subsequent contract between the employer and a collective bargaining unit of which the employee is not a member.

*Pinsky, Smith & Soet* (by *H. Rhett Pinsky*), for plaintiff.

*McShane & Bowie* (by *Terry J. Mroz*), for defendant.

Before: DANHOF, C.J., and R. M. MAHER and J. C. KINGSLEY,* JJ.

PER CURIAM. Plaintiff appeals as of right from a trial court order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3) on plaintiff's complaint for breach of contract.

In 1961, plaintiff was hired as a teacher by Fairview School District No. 11. In 1964, defendant annexed the school district and became plaintiff's employer. In 1965, plaintiff was appointed principal of an elementary school and was told that as an administrator he would continue to accumulate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

seniority toward a teaching position. That same year, the board of education recognized the Kenowa Hills Education Association (KHEA) as the exclusive bargaining representative for its teachers and other related employees, not including administrators, under the provisions of the public employment relations act.[1] Since plaintiff was an administrator, he was not a member of KHEA.

Defendant entered into its first contract with KHEA on September 1, 1966, covering the 1966-67 school year. Thereafter, annual bargaining agreements were reached on a yearly basis. None of the collective bargaining agreements contained a definition of seniority until the 1972-73 agreement, which defined seniority as "years of service within the Kenowa Hills Schools."

The 1978-80 collective bargaining agreement redefined seniority as "years of *teaching* within the Kenowa Hills Public Schools during the regular school year." As a result of the change in the definition of seniority, the KHEA filed a grievance challenging an administrator's right to accumulate teaching seniority while serving as an administrator. In October, 1979, Arbitrator Dudley E. Whiting issued an opinion ruling that administrators could not accumulate teaching seniority while occupying an administrative position. As a result of the arbitrator's decision, plaintiff was notified that his years as an administrator would not count towards his teaching seniority.

At the end of the 1980-81 school year, plaintiff was informed that due to financial difficulties his contract as an administrator would not be renewed. Since he did not receive credit toward seniority for the years he was employed as an

---

[1] MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*

administrator, plaintiff lacked seniority to obtain a teaching position and was placed on layoff status.[2]

Plaintiff commenced the instant suit on August 30, 1984, seeking damages for breach of contract. Plaintiff alleged that defendant breached the employment contract under which plaintiff was assured that he would retain and accumulate teaching seniority while serving in an administrative capacity.

Defendant moved for summary judgment pursuant to GCR 1963, 117.2(3), claiming that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Defendant argued that it was bound by the terms of the collective bargaining agreement which superseded any individual agreement it may have had with plaintiff. Since the 1978-80 bargaining agreement limited teaching seniority to years of teaching, defendant claims that it cannot credit plaintiff with seniority for years served as a principal.

The trial court granted defendant's motion, stating:

> [I]t seems to me that the employee is a member of the employee group. The employee group in 1966 entered into contracts. When he returns to his employment in 1981, he is a member of that employee group. He is bound by the contract. The contract stripped him of his seniority, and it seems to me that the public policy and the union contract would prevail, and accordingly, the motion for summary judgment may be granted.

In granting summary judgment, the trial court relied on *Pietrzykowski v Safie,* 1 Mich App 644;

---

[2] Apparently, plaintiff needed six years of teaching seniority to obtain a teaching position. During plaintiff's twenty years of employment with defendant, only four years were spent as a teacher.

137 NW2d 734 (1965), lv den 377 Mich 703 (1966), and *J I Case Co v National Labor Relations Bd,* 321 US 332; 64 S Ct 576; 88 L Ed 762 (1944), both of which hold that a collective bargaining agreement supersedes an individual employment contract entered into by a member of the bargaining unit.

We find these cases distinguishable for the reason stated in *Whitehouse v Hoskins Manufacturing Co,* 113 Mich App 138, 142; 317 NW2d 320 (1982):

> Without exception, each of these cases involves a situation in which the employee, relying on an individual agreement or promise, was also in the bargaining unit covered by a collective-bargaining agreement. In each case, the court faced a situation in which the employer had entered into a collective-bargaining agreement applicable to all employees in a particular unit and had entered into additional, individual agreements with certain members of that unit.

In the present case, plaintiff was not a member of the bargaining unit at the time that the 1978-80 collective bargaining agreement was reached and was not covered by the agreement as long as he remained an administrator. We conclude, therefore, that the collective bargaining agreement did not supersede plaintiff's individual employment contract. The fact that plaintiff may have become a member of the KHEA upon losing his job as a principal is not relevant in determining his years of seniority as of the end of the 1980-81 school year.

Furthermore, we cannot accept the argument that public policy requires that plaintiff be bound by the terms of the bargaining agreement. Plaintiff and defendant entered into a contract of em-

ployment. The rights and duties established by that contract cannot be bargained away in a subsequent contract where plaintiff is not a party to the contract.

In this case, plaintiff claims that his individual employment contract with defendant contained an assurance that his years as an administrator would apply to his teaching seniority. While we express no opinion on the merits of plaintiff's breach of contract claim, we hold that the 1978-80 collective bargaining agreement between defendant and the KHEA is not a valid defense to plaintiff's claim. It cannot be said that defendant is entitled to judgment as matter of law.

Reversed and remanded.