STADEL v. GRANGER BROTHERS, INC.

1. Contracts—Arbitration—Torts.

A contract provision that any controversy or claim arising out of or relating to the contract or breach thereof shall be settled by arbitration includes within its meaning a claim by plaintiff that defendant performed its agreement negligently, even if plaintiff's claim be regarded as sounding in tort.

2. Statutes—Construction.

Relative words must ordinarily be referred to the next antecedent in the construction of statutes where the intent, upon the whole instrument, does not appear to the contrary.

3. Arbitration and Award—Form of Agreement—Statute.

Proviso at end of former arbitration statute "that any arbitration agreement as provided for in this section, must be contained in an instrument separate from the main contract and signed by all of the parties to said agreement", *held*, to apply only to contracts between employers and employees mentioned immediately preceding the proviso, and not to other contracts (CL 1948, § 645.1).

———————

References for Points in Headnotes

[1] 5 Am Jur 2d, Arbitration and Award §§ 20, 57.
[2] 50 Am Jur, Statutes §§ 247–251.
[3] 5 Am Jur 2d, Arbitration and Award §§ 6–10.
[4, 5] 5 Am Jur 2d, Arbitration and Award §§ 5, 17, 36–40.
[6, 7] 5 Am Jur2d, Arbitration and Award § 14.
[8] 5 Am Jur 2d, Arbitration and Award § 167 *et seq.*
[9] 5 Am Jur 2d, Arbitration and Award § 76.
[10] 5 Am Jur 2d, Appeal and Error §§ 949, 950.

4. SAME—COMMON-LAW ARBITRATION.

Michigan jurists have favored settlement by arbitration, and an agreement for arbitration which does not conform to statutory requirements has been held to be an agreement for common-law arbitration.

5. SAME—COMMON-LAW ARBITRATION—COURTS.

Agreement to arbitrate "any disagreement arising out of this contract or from the breach thereof * * * and * * * that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other," if regarded as agreement for common-law arbitration, *held*, not too broad to be enforceable since it does not preclude recourse to the courts, but makes the decision of the arbitrators a condition precedent to any right of legal action that either party may have against the other.

6. SAME—COMMON-LAW ARBITRATION—DISPUTES ARBITRABLE.

Not all disputes in controversy are arbitrable, but only a disagreement arising out of the contract providing for arbitration, and recourse may still be had to the courts for questions relating to the creation of the contract, questions of fraud, or questions of public policy.

7. SAME—CONSTRUCTION OF ARBITRATION CLAUSES.

Arbitration clauses are liberally construed to find they cover disputes reasonably contemplated by the language used.

8. SAME—PROTECTION OF PARTIES.

Should there be any ground for relief of a party by reason of arbitration, the party would be able to maintain an action equitable in nature to set aside the award of the arbitrators and for other relief.

9. JUDGMENT—SUMMARY JUDGMENT—ARBITRATION.

Summary judgment dismissing complaint when it was shown that parties to a contract for construction of a building, which plaintiffs complained was negligently constructed by defendant, had agreed in the contract to arbitration, which had not taken place, *held*, proper.

10. APPEAL AND ERROR—PARTIES.

The rights of one who is not a party in an appeal from the judgment of a lower court will not be adjudicated on appeal, even though the result will be dismissal of the complaint as to one defendant, the appellee, and not dismissal as to the other defendant, who did not participate in the appeal.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 2, 1966, at Lansing. (Docket No. 1,568.) Decided September 13, 1966.

Complaint by Robert Stadel and Helen Stadel against Granger Brothers, Inc., and Charles V. Opdyke for negligence in design and construction of a building. Summary judgment for Granger Brothers, Inc., dismissing complaint as to Granger only. Plaintiffs appeal. Affirmed.

*Francis J. Wery* (*Ralph O. Wilbur,* of counsel), for plaintiffs.

*Hubbard, Fox, Thomas & Born,* for defendant Granger.

LESINSKI, C. J. Plaintiffs appeal a judgment dismissing their asserted claim of negligence against defendant Granger Brothers, Inc. (hereinafter referred to as Granger), the builder with whom plaintiffs had contracted to build an auto wash.

In 1961 the plaintiffs entered into several contracts providing for the building of the auto wash which is the subject of the present controversy; one with an architect, defendant Opdyke in July, and another in October with defendant-appellee Granger. In a separate agreement in September of 1961, appellee agreed to excavate four holes on the site of the proposed building for the purpose of having Raymond International, Inc. make soil studies and foundation recommendations. The results of the recommendations were made available to Opdyke and to Granger prior to commencement of construction. Under the contract of October, 1961, Granger was to furnish all material and perform all the work as shown in the drawings and described in the

specifications prepared by the architect Opdyke. Construction began in October, 1961, and was completed in January, 1962.

Appellants allege that the main floor of the car wash began to sink (as first noticed in April, 1962), that this was followed by cracks in the south wall, and additional related damages. It is appellants' contention that the proximate cause of this damage was Opdyke's and Granger's negligent failure to follow the Raymond recommendations, and their failure to perform the work undertaken with reasonable care and skill.

In 1965 plaintiffs brought action seeking damages in the amount of $35,000 if building is repairable, or, in alternative, $90,000 if building becomes untenantable.

Defendant Granger in his answer pleaded the affirmative defense that submission of the dispute to arbitration under the arbitration clause[1] which was a part of the October, 1961 contract, had not occurred, and that arbitration was a condition precedent to any legal action. On this basis defendant moved for dismissal or a summary or an accelerated judgment on the pleadings. This was followed by a hearing and a submission of briefs, after which the court dismissed plaintiffs' claim against Granger only, for the reason that the contract between the parties expressly provides that an arbitration award is a condition precedent to any legal action. Plaintiffs appeal.

---

[1] "Art. 19. ARBITRATION.

"Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, State or Federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be held under the Standard Form of Arbitration procedure of The American Institute of Architects or under the Rules of the American Arbitration Association."

This Court must determine if arbitration is a condition precedent to an action against a building contractor alleging negligence where the contract between the parties provides for arbitration for any disagreement arising out of that contract or its breach.

The appellants' principal argument is premised on the theory that their claim "sounds in tort" and is therefore outside the scope of the arbitration provision. We agree with the appellants' first premise, *i.e.*, that the arbitration clause is clear and unambiguous. But we differ with the conclusion the cause of action here asserted is not within this clause. In *Saucy Susan Products, Inc.*, v. *Allied Old English, Inc.* (1961 SD NY), 200 F Supp 724, the court was faced with the contention made by plaintiff in the instant case. The plaintiff in *Saucy Susan Products* brought action alleging trademark infringement and unfair competition. The contract between plaintiff and defendant contained a provision which read: "Any controversy or claim arising out of or relating to this agreement or the breach thereof shall be settled by arbitration * * * in accordance with the rules * * * of the AMERICAN ARBITRATION ASSOCIATION." The court said that "the fact that plaintiff's complaint 'sounds in tort' would not appear to be controlling." The rationale behind its decision was thus expressed by the court (p 729):

"I feel that the claims plaintiff has made in this court against defendants and the controversy with defendants grow out of one business transaction and that they are a controversy and claims 'arising out of or relating to' the agreements discussed above 'or the breach thereof' and should, therefore, be arbitrated." *Saucy Susan Products, supra.*

The holding in *Saucy Susan Products* was recently reaffirmed in *Robinson* v. *Bache & Co.* (1964 SD NY),

227 F Supp 456, 458, with the statement that "It is immaterial that the complaint sounds in tort."

In *School District No. 46 v. Del Bianco* (1966), 68 Ill App 2d 145 (215 NE2d 25), the Illinois court held that arbitration was the proper remedy for a determination of plaintiff's rights. The facts in the *School District Case* bear a marked similarity to the case at bar. In that case plaintiff alleged that the architect's negligence caused the building in question to settle, cabinets, doorways and floors to become uneven, and other such damage. The trial court had denied defendant's motion for an order to require plaintiff to proceed to arbitration under the contract's arbitration clause and the appellate court reversed saying:

"In the case at bar, the parties expressly agreed to submit to arbitration 'all questions in dispute under this agreement.' However, plaintiff argues that the agreement to arbitrate does not require it to submit those controversies arising out of the relationship of the parties, and that the questions in dispute so arose and are not within the terms of the arbitration agreement."

The court reminded the parties that arbitration is "looked upon with favor by Federal, State and common law," (citations omitted) and that "further reason for such view is found in the crowded condition of court dockets throughout the nation." The plaintiff was obliged to submit to arbitration. The reasoning of the above-cited cases effectively answers plaintiff's contention that a claim which "sounds in tort" is not covered by the arbitration agreement.

Appellant alleges that the arbitration agreement is not enforceable because it is not in "an instrument separate from the main contract," a requirement necessary for enforcement of statutory arbitration

agreements under the revised judicature act, PA 1961, No 236, CLS 1961, § 600.5001(4)[2]. This subsection was deleted in 1962 from the revised judicature act before it became effective in 1963 by PA 1962, No 27 (Stat Ann 1962 Rev § 27A.5001). The contract which is the subject of this controversy was entered into in October, 1961. At that time the statute governing arbitration was CL 1948, § 645.1 (Stat Ann 1943 Rev § 27.2483). It reads as follows:

"A provision in a written contract to settle by arbitration under this act, a controversy thereafter arising between the parties to the contract, with relation thereto, in which provision the method of selecting an arbitrator or arbitrators is designated and it is agreed that a judgment of any circuit court, or other court of competent jurisdiction, designated in such contract may be rendered upon the award made pursuant to such agreement, shall be valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the recision [sic] or revocation of any contract. Such an agreement shall stand as a submission to arbitration under this act of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract. Section 3 hereof shall not apply to such a submission; and any arbitration had in pursuance of such agreement shall proceed and the award reached thereby be enforced under the provisions of this act. The provisions of this act shall not apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment: Provided, however, That any arbitration agreement as provided for in this section, must be contained in an instrument separate from the main contract and signed by all of the parties to said agreement."

[2] "(4) Any arbitration agreement as provided for in this section, must be contained in an instrument separate from the main contract and signed by all of the parties to said agreement."

Appellant alleges that the final proviso should be construed to apply to the contract under consideration in the instant case. We do not agree. However, since it does not appear that this proviso has been previously construed, appellant's allegation places that duty on this Court. The proviso is subject to an interpretation that would eliminate the possible conflict which appears between the general terms of the language in the initial portion of the paragraph. In construing a statute, the Court in *City of Traverse City* v. *Township of Blair* (1916), 190 Mich 313, 323, 324, applied "the unquestioned rule of grammar, which has been crystallized into a legal maxim, that relative words must ordinarily be referred to the next antecedent where the intent, upon the whole instrument, does not appear to the contrary." The proviso follows the statement referring to contracts between employers and employees and is a part of the same sentence. It appears that the proviso was intended to refer to the aforementioned contracts. As was stated in annotation, 64 ALR2d 1336, 1351, "General arbitration statutes existing in a number of states except employment contracts from coverage." And, as was also stated in this annotation (at p 1338) "the [arbitration] statutes have been the subject of litigation only rarely." It would appear that the proviso here was to allow for arbitration of employer-employee contracts where the agreement was in a separate instrument. This inference is further solidified by a reference to chapter 36 on Arbitrations in Final Report Joint Committee on Michigan Procedural Revision Part II (1961), wherein the *four* subsections which appear in section 600.-5001, *supra,* as enacted in 1961, are set forth. The table which gives the contents of the chapter reads "Arbitration agreements; validity; labor contracts." The clear implication from the omission of any reference to "separate agreements"—the subject matter

of subsection 4, is that this subsection was intended to refer to labor contracts. And finally, the deletion of the subsection in 1962 before the effective date of the revised judicature act gives additional credence to this construction. We hold that the logical construction of this proviso in CL 1948, § 645.1, *supra,* is to limit it to contracts between employers and employees and therefore to be inapplicable to the contract in the case at bar.

The opinions of Michigan jurists have restated with favor a position for settlement by arbitration. *Chicago & M.L.S.R. Co.* v. *Hughes* (1873), 28 Mich 186. Where an agreement for arbitration was found not to be in conformity with statutory requirements, it was held to be an agreement for common-law arbitration. *Frolich* v. *Walbridge-Aldinger Co.* (1926), 236 Mich 425.

At this point, appellant contends that if this is held to be an agreement for common-law arbitration, it is unenforceable as being too broad and attempting to oust the courts of their jurisdiction. This argument is fallacious. The arbitration agreement is not such as to oust the courts of jurisdiction. It does not preclude recourse to the courts; rather it makes "the decision of the arbitrators a condition precedent to any right of legal action that either party may have against the other." Furthermore, it is not all disputes in controversy which are arbitrable, but rather "any disagreement arising out of this contract." This limitation does not preclude recourse to the courts for questions relating to the creation of the contract; questions of fraud; or questions of public policy.

It is a familiar doctrine that arbitration clauses are liberally construed. In *Greenwich Marine, Inc.,* v. *S.S. Alexandria* (1964 SD NY), 225 F Supp 671, the court said:

"It is 'Federal policy to construe liberally arbitration clauses, to find that they cover disputes reasonably contemplated by this language, and to resolve doubts in favor of arbitration.' " (Citations omitted.)

The Federal policy on arbitration finds its counterpart in the decisions of leading State courts.

We note in passing the provision in the revised judicature act which reads: "This act is remedial in character, and shall be liberally construed to effectuate the intents and purposes thereof." Revised judicature act, PA 1961, No 236, § 102 (CLS 1961, § 600.102, Stat Ann 1962 Rev § 27A.102).

The liberal construction given by the courts to arbitration clauses entered into prior to the revised judicature act and the general court rules of 1963 is exemplified by *Norton* v. *Allstate Insurance Company* (1964 ED Mich), 226 F Supp 373, and *Stagray* v. *Detroit Automobile Inter-Insurance Exchange* (1965), 1 Mich App 321.

In *Norton, supra,* at p 374, the court was confronted with a situation wherein the plaintiff sought to recover damages for an accident which took place in 1960. A provision in plaintiff's insurance contract stated:

" 'In event of disagreement * * * the matter * * * shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound by any award made by the arbitrator(s) pursuant to this section II.' "

The portion of the court's decision relevant to the case at bar stated at p 374:

"It is not necessary for the court to determine the enforceability of the provision in issue under the

arbitration statute that was in effect at the time of the formation of the contract and at the time of the accident, PA 1941, No 182, or under the present arbitration statute, PA 1961, No 236, § 5001 (CLS 1961, § 600.5001, Stat Ann 1962 Rev § 27A.5001), since it is clear that arbitration was intended as a remedy to be exhausted before suit was brought."

The court then referred to Michigan case law defining the rights of the insured in arbitration process *and* GCR 1963, 769, which delineates the procedure for statutory arbitration, and held that as the insured would be adequately protected his court action was premature.

In *Stagray, supra,* at p 325, this Court faced the question of whether an arbitration agreement in an insurance policy was legal and binding. The Court held that "provisions providing for arbitration where parties to the contract are unable to agree upon liability or the amount thereof, are sustained under law because they provide a simple and inexpensive method for the prompt adjustment and settlement of claims."

This Court also pointed out that "should there be any ground for relief by reason of such arbitration, plaintiffs would be able to maintain an action equitable in nature to set aside the award and for other relief." The Court referred as well to the procedure for review under GCR 1963, 769, and held that an insured party was provided with adequate rights of review of arbitration proceedings under Michigan laws; and that summary judgment dismissing plaintiffs' complaint was proper. The rationale of *Stagray* applies to the instant case.

Plaintiffs' final contention asserts that the dismissal of their complaint as to appellee Granger only, will result in piecemeal disposition of their claim. The short answer to this is that defendant

Opdyke is not before this Court, and therefore his rights will not be adjudicated in this appeal. *Bice v. Holmes* (1944), 309 Mich 110.

Judgment affirmed. Costs to appellee.

T. G. KAVANAGH, and McGREGOR, JJ., concurred.