McCANDLISS v WARD W ROSS, INC

1. ARBITRATION AND AWARD—AGREEMENT—LAW OF THE CASE.

An arbitrator derives his power from the agreement between the parties, and the agreement of arbitration entered between the parties is the law of the case.

2. ARBITRATION AND AWARD—ARBITRATION CLAUSES—CONSTRUCTION.

Arbitration is looked upon with favor by the courts and it is the policy of the court to construe liberally arbitration clauses and to resolve any doubts in favor of arbitration, and the court properly confirmed an award of an arbitrator within the question submitted and the authority given him under the contracts.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 January 10, 1973, at Lansing. (Docket No. 14548.) Decided February 26, 1973. Leave to appeal denied, 389 Mich 795.

Complaint by Donald H. McCandliss and Patricia McCandliss against Ward W. Ross, Inc., and Peter Else for breach of contract. The parties were ordered to proceed to arbitration, and an order confirming the award of an arbitrator was entered. Plaintiffs appeal. Affirmed.

*Hartman, Beier, Howlett, McConnell & Googasian,* for plaintiffs.

*Paul G. Valentino, J. D., P. C.,* for defendant Ward W. Ross, Inc.

*Gilman & Williams,* for defendant Else.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 84 *et seq.*
[2] 5 Am Jur 2d, Arbitration and Award §§ 5, 144.

Before: BRONSON, P. J., and McGREGOR and DAN-HOF, JJ.

DANHOF, J. Plaintiffs appeal from an order of the circuit court affirming the award of an arbitrator. We affirm.

Plaintiffs contracted with defendant Else to design and prepare plans and specifications for a home. Upon completion of the design, plans, and specifications plaintiffs contracted with defendant Ward W. Ross, Inc., to construct the home. After much of the construction had been completed plaintiffs became dissatisfied with the services of both defendants and commenced an action in the circuit court alleging breach of contract and requesting money damages and equitable relief. Pursuant to provisions in both contracts the circuit court ordered the matter to proceed to arbitration. In due course the arbitrator entered his award and defendants filed for confirmation pursuant to GCR 1963, 769.8 while plaintiffs filed for vacation of the award pursuant to GCR 1963, 769.9(1)(c). After a hearing on both motions the circuit court entered an order confirming the award of the arbitrator. Plaintiffs subsequently filed a motion for additional findings which was denied by the circuit court.

Initially defendants questioned the jurisdiction of this Court to hear the appeal. Jurisdiction of the Court of Appeals is provided by statute, Const 1963, art 6, § 10. Examination of the record indicates compliance with the statute. MCLA 600.308; MSA 27A.308.

Plaintiffs allege that the circuit court erred in refusing to vacate the award pursuant to their motion made under GCR 1963, 769.9(1)(c) in which they claimed the arbitrator exceeded his power.

The arbitrator derives his power from the agreement between the parties, and the agreement of arbitration entered between the parties is the law

of the case. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32 (1937); *Stowe v Mutual Home Builders Corp,* 252 Mich 492 (1930).

The contract executed between plaintiffs and defendant Ward W. Ross, Inc., contains the following section:

"7.10.1 *All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof,* * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." (Emphasis added.)

The contract between the plaintiffs and defendant Else contained the following provision:

"Article 13. Arbitration
"*Arbitration of all questions in dispute under this Agreement* shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects." (Emphasis added.)

In their demand for arbitration the plaintiffs made the following allegation:

"NATURE OF DISPUTE: Claimants claim damages for the negligence and breach of contract of both Defendants relative to the design and construction of a residence on Lot #3, North Cove Subdivision, West Bloomfield Township, Oakland County, Michigan.
"CLAIM OR RELIEF SOUGHT: (amount if any) Damages in the amount of $66,125.69."

Arbitration is looked upon with favor by the courts and it is the policy of the court to construe liberally arbitration clauses and to resolve any

doubts in favor of arbitration. *Stadel v Granger Brothers, Inc,* 4 Mich App 250 (1966).

In accordance with plaintiffs' demand and the order of arbitration the arbitrator entered an award in favor of the plaintiffs granting to them a sum of money to correct defects in warranty items and an allowance for certain installations which were of lesser cost than those set forth in the plans. He also reduced the balance owing to the architect.

In this case the arbitrator was called upon to arbitrate claims and disputes arising under the contracts. This he did.

There is no doubt that the award of the arbitrator was within the question submitted and the authority given to him under the contracts. *Carr v Kalamazoo Vegetable Parchment Co,* 354 Mich 327 (1958).

Affirmed, costs to the defendants.

All concurred.