CHIPPEWA VALLEY SCHOOLS v HILL

1. CONTRACTS—ARBITRATION—POWERS—AGREEMENTS—LAW OF CASE.

An arbitrator in a contract dispute derives his power from the agreement between the parties, and the agreement is the law of the case.

2. CONTRACTS—ARBITRATION—COURTS.

Arbitration of disputes is looked upon with favor by the courts and it is their policy to construe arbitration clauses liberally and to resolve any doubts in favor of arbitration.

3. LABOR RELATIONS—CONTRACTS—ARBITRATION—EXPRESS EXCLUSION —EVIDENCE OF PURPOSE—BURDEN OF PROOF.

Absent an express contract provision excluding a particular labor grievance from arbitration or the most forceful evidence of a purpose to exclude the claim, the grievance should be submitted to arbitration; the burden of proof is on the party seeking to show nonarbitrability and doubts will be resolved in favor or arbitration.

4. LABOR RELATIONS—CONTRACTS—ARBITRATION—ARBITRATOR'S AU- THORITY—SCOPE OF AGREEMENT—ERROR—VIOLATION OF LAW.

Parties to a collective bargaining agreement who agree to submit disputes to binding arbitration confer upon the arbitrator the authority to act on his own view of the law, and where the arbitrator acts within the scope of the agreement his rulings, findings of fact and view of the law, even where erroneous, are binding absent fraud or mistake; error of law renders the award void only where it would require the parties to commit a crime or otherwise to violate a positive mandate of the law.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 April 9, 1975, at Detroit.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 17.
[2] 5 Am Jur 2d, Arbitration and Award § 5.
[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1304–1306.
[4] 48 Am Jur 2d, Labor and Labor Relations §§ 1251, 1252.

(Docket No. 20494.) Decided June 11, 1975. Leave to appeal denied, 395 Mich —.

Complaint by the Chippewa Valley Schools against Toni Hill and the Chippewa Valley Education Association seeking vacation of an arbitrator's award. Judgment for defendants. Plaintiff appeals. Affirmed.

*Dank, Peterson & Hay, P. C.* (by *Alan Broad)* for plaintiff.

*Levin, Levin, Garvett & Dill* (by *Robert J. Finkel)* for defendants.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,*

M. J. KELLY, J. Plaintiff appeals from an order of the circuit court affirming the award of an arbitrator. We affirm.

Plaintiff is a Michigan school district in Macomb County. Defendant Chippewa Valley Education Association is a Michigan labor organization representing school teachers employed by the plaintiff school district, and defendant Toni Hill is a female school teacher within the district.

In 1972, the parties entered into a written collective bargaining agreement covering the terms and conditions of teachers employed in the Chippewa Valley School District for the 1972–74 school years. Article XXIII of that agreement, entitled "Professional Grievance Procedure" contains a five-step procedure for resolution of any "claim by a teacher or the Association that there has been a violation, misinterpretation, or misapplication of

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

any provision of this Agreement, or any rule, order, or regulation of the Board". The culminating step in the procedure provides for the selection of an independent arbitrator to decide the controversy in question.

In March, 1973, defendant Toni Hill advised the Board of Education that she was pregnant and requested a maternity leave of absence for the next school year beginning in Septermber, 1973. She provided the board with a statement from her physician indicating that she would be able to perform her duties for the remainder of the 1972–73 school year (which was to conclude June 14, 1973). On March 27, 1973, the board granted a maternity leave consistent with Article XII of the collective bargaining agreement.

On June 7, 1973, Mrs. Hill delivered her child and thus absented herself from her teaching duties for the remaining week of the school year. On June 13, 1973, the board advised Mrs. Hill that her maternity leave of absence was being made effective as of the actual date of delivery (June 7, 1973), rather than as of the beginning of the next school year.

On July 12, 1973, the defendants filed a grievance pursuant to Article XXIII of the collective bargaining agreement, contending that Mrs. Hill was entitled to draw upon her accumulated sick leave in order to be paid for the period between June 7 and June 14, 1973. After all of the steps in the grievance procedure were exhausted, the issue proceeded to binding arbitration before Arbitrator James R. McCormick, who was mutually selected by the parties. Proceedings on the grievance were held by Arbitrator McCormick on October 15, 1973. The parties were all represented by counsel and fully participated in the proceedings.

On January 9, 1974, Arbitrator McCormick issued a 13-page opinion and award sustaining the grievance of Mrs. Hill and the association and directing the board "to permit the Grievant to use accumulated sick leave days under Article XI of the Collective Bargaining Agreement for the period June 7 through 14, 1973".

Plaintiff filed for vacation of the award pursuant to GCR 1963, 769.9(1)(c); the defendants filed for confirmation pursuant to GCR 1963, 769.8. After a hearing on both motions, the circuit court entered an order confirming the award of the arbitrator.

Plaintiff alleges that the circuit court erred in refusing to vacate the award pursuant to its motion made under GCR 1963, 769.9(1)(c) in which it claimed the arbitrator exceeded his power.

The arbitrator derives his power from the agreement between the parties, and the agreement is the law of the case. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32; 274 NW 700 (1937), *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391, 392 (1930), *Mc Candliss v Ward W Ross, Inc,* 45 Mich App 342; 206 NW2d 455 (1973), *lv den,* 389 Mich 795 (1973).

Article XI of the collective bargaining agreement, entitled "Illness or disability and leaves of absence", deals with the issue of sick leave. However, there is no indication in Article XI as to whether sick leave may be used to cover absence from work caused by pregnancy or child birth. Article XXIII provides that the arbitrator shall have no power to alter or add to the terms of the agreement, but the issue which the arbitrator was called upon to decide in this case is clearly an issue within the subject matter of Article XI. Furthermore, Article XXIII states that both parties agree to be bound by the award of the arbitrator.

Arbitration is looked upon with favor by the courts and it is the policy of the courts to construe liberally arbitration clauses and to resolve any doubts in favor of arbitration. *Stadel v Granger Brothers Inc,* 4 Mich App 250; 144 NW2d 609 (1966), *McCandliss v Ward W Ross, Inc, supra.*

We find that the issue of sick leave is part of the subject matter of the collective bargaining agreement between the parties, and the arbitrator did not exceed his powers by rendering a decision on the issue of sick leave in the instant case. Our Supreme Court recently noted in *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association,* 393 Mich 583, 592; 227 NW2d 500 (1975):

"Absent an *'express provision* excluding [a] particular grievance from arbitration' or the *'most forceful evidence* of a purpose to exclude the claim', the matter should go to arbitration." (Emphasis in the original.)

Doubts should be resolved in favor of arbitration. The burden is on the party seeking to show nonarbitrability, *Kaleva, supra.*

Plaintiff also claims that the arbitrator based his award upon an erroneous view of state and Federal law regarding sex discrimination. It is claimed that *Geduldig v Aiello,* 417 US 484; 94 S Ct 2485; 41 L Ed 2d 256 (1974) makes it clear that the school board could constitutionally exempt pregnancy-related absences from the application of sick leave time. Plaintiff makes no distinction between absences related to normal pregnancy and pregnancy-related disabilities. *Geduldig* addressed itself to the constitutionality of a provision of a 30-year-old California disability insurance system which provides benefits to persons in private employment

not covered by workmen's compensation.[1] The state court had construed the provision in question to preclude the payment of benefits for disability accompanying normal pregnancy. The statute was later amended to provide benefits for pregnancy-related disability including complications, infections, eclampsia, caesarean section, ectopic pregnancy and toxemia. It was held that the exclusion did not constitute sex discrimination and was therefore not unconstitutional under the equal protection clause. *Geduldig* is easily distinguishable from the case at bar.

Even if we were constrained to believe that the collective bargaining agreement excluded sick benefits for normal pregnancy, by implication we would still not be called upon to substitute our judgment for that of the arbitrator. Reversal is not mandated even if we conclude that the board's position was legally and factually correct. In *Frazier v Ford Motor Co,* 364 Mich 648, 656–657; 112 NW2d 80, 84–85 (1961) the Supreme Court said that the following "properly sets forth the limited grounds upon which a labor arbitration may be attacked":

"[G]rounds that would be sufficient in an appeal from a judgment would not be grounds for impeaching an award, for the reason that the contractual element is present in the award. Thus, the fact that the arbitrator made erroneous rulings during the hearing, or reached erroneous findings of fact from the evidence, is no ground for setting aside the award, because the parties have agreed that he should be the judge of the facts. *Even his erroneous view of the law would be binding,*

---

[1] The employee contributes to an unemployment compensation disability fund one percent of his salary up to an annual maximum of $85. The program first excluded all pregnancies but before hearing in *Geduldig* the director acquiesced in a California state appellate ruling limiting the exclusion to normal pregnancies.

*for the parties have agreed to accept his view of the law.* Were it otherwise in either of these cases, arbitration would fail of its chief purpose; instead of being a substitute for litigation it would merely be the beginning of litigation. *Error of law renders the award void only when it would require the parties to commit a crime or otherwise to violate a positive mandate of the law."* (Emphasis ours.)

The parties agreed that disputes of the type here involved should be submitted to arbitration. They specifically agreed to be bound by the decision of the arbitrator. By opting for the relatively expeditious and inexpensive forum they conferred upon the arbitrator authority to act on his own view of the law. The arbitrator acted within the scope of the agreement and plaintiff cannot now reject as invalid his factual or legal conclusions absent fraud or mistake, *Stowe v Mutual Home Builders Corp, supra,* 497.

Affirmed. Costs to Appellees.