## BOARD OF EDUCATION OF NAPOLEON SCHOOL DISTRICT v ANDERSON

1. Labor Relations—Collective Bargaining—Arbitration Clauses —Exclusion—Express Exclusion—Forceful Evidence.

    A grievance is arbitrable under a collective bargaining agreement unless an express provision of the agreement excludes the particular grievance from arbitration or the agreement contains the most forceful evidence of a purpose to exclude the claim from arbitration.

2. Labor Relations—Collective Bargaining—Arbitration—Positive Assurance—Differing Interpretation.

    There is not the most forceful evidence of a purpose to exclude a claim from arbitration under a collective bargaining agreement where the court cannot say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

3. Arbitration and Award—Arbitration Clauses—Courts—Interpretation—Agreement—Pros and Cons.

    The question for a court interpreting an arbitration clause is not whether one interpretation or another is correct, but whether the parties have agreed that an arbitrator shall decide which of the competing parties is correct; where the court finds itself weighing the pros and cons of each party's interpretation of substantive provisions of a contract, it is likely that the court has gone astray.

4. Arbitration and Award—Arbitration Clauses—Exclusion of Dispute—Express Exclusion—Burden.

    The burden is on the party who would exclude a matter from a general arbitration clause to do so expressly and explicitly.

Appeal from Jackson, Russell E. Noble, J. Submitted December 9, 1975, at Lansing. (Docket No. 22792.) Decided January 27, 1976. Leave to appeal applied for.

Reference for Points in Headnotes
[1–4] 48 Am Jur 2d, Labor and Labor Relations § 1251 *et seq.*

Complaint by the Board of Education of Napoleon School District against Donald Anderson, the Napoleon Education Association, and M. David Keefe, to set aside a labor arbitrator's award. Judgment for plaintiff, vacating the award. Defendants appeal. Reversed and award reinstated.

*Thrun, Maatsch & Nordberg* (by *Donald J. Bonato)*, for plaintiff.

*Foster, Swift & Collins, P. C.* (by *Clifford Weiler)*, for defendants.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

McGREGOR, P. J. The defendant, Donald Anderson, had been employed by the Napoleon School District as a school teacher and, as such, was a member of the Napoleon Education Association. He had also served as a coach for the football and wrestling teams at the school. In 1972, defendant Anderson was informed that he would not be rehired as a football or wrestling coach for the coming school year 1972–1973. After being so notified, Anderson filed a written grievance which alleged that the plaintiff school board had violated various provisions of the collective bargaining agreement.

This matter was subsequently submitted to arbitration. Following an arbitration hearing, the arbitrator decided in favor of the defendant and directed the board of education to reassign the defendant to the coaching positions. The arbitrator also directed the board of education to compensate the defendant for the contractual annual salaries for those assignments. The board then filed an action in the circuit court challenging the arbitra-

tor's award. On December 30, 1974, the circuit court issued an order vacating the arbitrator's award. The court also issued an opinion holding that the decision of the board to remove the defendant from his extracurricular coaching activities was an exclusive power of the board and, therefore, not subject to arbitration. The defendants now appeal from that order.

The sole issue raised by the defendant is whether the trial court erred in deciding that the defendant's grievance was not arbitrable under the terms of the union's collective bargaining agreement with the board. In *Kaleva-Norman-Dickson School District No. 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers' Association*, 393 Mich 583, 590; 227 NW2d 500 (1975), the Supreme Court adopted the following test to determine whether a dispute should go to arbitration:

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the *arbitration clause* is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. Absent an *express provision* excluding [a] particular grievance from arbitration or the *most forceful evidence* of a purpose to exclude the claim, the matter should go to arbitration."

Thus, in order to affirm the trial court, we must find either (1) that an express provision of the collective bargaining agreement excluded defendant's particular grievance from arbitration, or (2) that the most forceful evidence of a purpose to exclude defendant's claim from arbitration was contained in the agreement.

Article V of the collective bargaining agreement provides, in pertinent part, as follows:

"A. The Board, on its own behalf and on behalf of the electors of the district, *hereby retains and reserves unto itself, without limitation, all powers, rights, authority, duties and responsibilities* conferred upon and vested in it by the laws and the Constitution of the State of Michigan and of the United States, including, but without limiting the generality of the foregoing, the right:

\* \* \*

"5. To determine class schedules, the hours of instruction, and the duties, responsibilities, and classroom *and extra-curricular assignments of teachers.*

"B. *The exercise of the foregoing powers, right, authority, duties and responsibilities* by the Board, the adoption of written policies, rules, regulations and practices in furtherance thereof, and the use of judgment and discretion in connection therewith *shall be limited only by the specific and express terms of this agreement* and then only to the extent such specific and express terms hereof are in conformance with the Constitution and laws of the State of Michigan, and the Constitution and laws of the United States." (Emphasis added.)

Nowhere in the collective bargaining agreement does it specifically reserve from arbitration claims arising under Article V. Defendant's claim is therefore arbitrable under the first condition of the above test. Consequently, our present inquiry is limited to the determination of whether there is the most forceful evidence of a purpose to exclude defendant's claim.

Plaintiff claims that the provisions of Article V impliedly fulfill this condition. We disagree. While this section of the collective bargaining agreement does include a reservation by the board of rights in certain matters, including those involved in the present dispute, we nevertheless cannot say "with

positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute".[1]

We believe this decision to be the proper one under the circumstances of the instant case. The board's powers under Article V are not exclusive but are limited by the "specific and express terms" of the agreement. Defendant's grievance alleged violations of no fewer than 12 other provisions of the collective bargaining agreement and the arbitrator found that four of these other provisions could be relied upon by the defendant as a basis for his grievance. Thus, it would seem that the board's exclusive reliance on Article V is somewhat misplaced.

Moreover, the four provisions cited by the arbitrator protect certain constitutional or statutory rights to which the defendant was entitled against interference by the board. The nature of those rights, which the arbitrator ultimately found to have been violated by the board, militates strongly against the finding that Article V excludes the arbitration of the defendant's grievance.

---

[1] In reaching this result we have proceeded cautiously, being mindful of the following language of the Supreme Court:

"The agreement of the parties indeed includes a forceful reservation by the board of rights in certain matters. Arguably, in such a situation a court should have leeway to weigh the competing claims and determine whether the reservation of rights by the board, if not expressly, at least impliedly covers the disputed matter. That approach, however, gives to the court the task assigned to the arbitrator —namely, the interpretation and application of the contract.

"In deciding whether a dispute involving an issue of contract interpretation is arbitrable, a court should guard against the temptation to make its own interpretation of the substantive provisions of the contract encompassing the merits of the dispute. If the parties have agreed that an arbitrator shall decide questions of contract interpretation, the merits of the dispute are for the arbitrator.

"Where a court finds itself weighing the pros and cons of each party's interpretation of substantive provisions of the contract, it is likely that the court has gone astray. The question for the court is not whether one interpretation or another is correct, but whether the parties have agreed that an arbitrator shall decide which of the competing interpretations is correct." *Kaleva, supra,* pp 594–595.

Furthermore, we note that the Michigan Supreme Court has adopted a policy favoring arbitration of disputes arising under collective bargaining agreements, stating:

"The rule promulgated by the United States Supreme Court puts the burden on the party who would exclude a matter from a general arbitration clause to do so expressly and explicitly. We adopt that rule." *Kaleva, supra,* p 595.

In the present case, the board did not expressly remove Article V from arbitration and, therefore, a heavy burden was placed upon it to show that the present dispute was excluded. We do not believe that Article V meets this burden. In this regard, it should be pointed out that Article V is not limited only to the powers and rights of the board but also speaks of the board's duties and responsibilities in the enumerated areas. This creation of duties and responsibilities on the part of the board would also seem to indicate that the provisions of Article V were intended to be subject to arbitration.

For the reasons above stated, we reverse the holding of the trial court and order the arbitrator's award to be reinstated. The additional arguments advanced by the plaintiff are without merit.

Reversed. Costs to defendant.