CAMPBELL v COMMUNITY SERVICE INSURANCE COMPANY OF LANSING, MICHIGAN

1. CONTRACTS—ARBITRATION AND AWARD—DISPUTES—EXPRESS EXEMPTIONS—STATUTES.

Any dispute under a contract which contains an arbitration clause is entitled to be arbitrated unless it has been expressly exempted by the terms of the contract (MCLA 600.5001[2]; MSA 27A.5001[2]).

2. CONTRACTS—ARBITRATION AND AWARD—DISPUTES—LIBERAL CONSTRUCTION.

Public policy favors arbitration in the resolution of disputes; arbitration clauses contained in contracts are to be liberally construed and any doubts about the arbitrability of an issue must be resolved in favor of arbitration.

3. ARBITRATION AND AWARD—DISPUTES—PROPER MOTION.

Arbitration should be ordered upon proper motion where an arbitration clause arguably includes an asserted dispute between the parties.

4. ARBITRATION AND AWARD—CONTRACTS—MONEY DISPUTES.

A dispute over the payment of money is within the arbitration clause of a contract where plaintiff husband and wife are involved in an auto-injury accident and the wife settles and signs a release but the husband does not and both seek arbitration of their claims.

5. INSURANCE—EXHAUSTION OF REMEDIES—LEGISLATIVE POLICY.

Legislative policy requires an insurance claimant to exhaust any reasonable remedy for adjudicating claims prior to commencing suit (MCLA 500.2254; MSA 24.12254).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 54.
[2] 5 Am Jur 2d, Arbitration and Award § 59.
[3] 5 Am Jur 2d, Arbitration and Award § 11.
[4] 5 Am Jur 2d, Arbitration and Award § 141.
[5] 43 Am Jur 2d, Insurance § 56 *et seq.*
44 Am Jur 2d, Insurance § 1708.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted November 5, 1976, at Grand Rapids. (Docket No. 27146.) Decided January 17, 1977.

Complaint by Troy E. Campbell, Sr., and Ann Campbell against Community Service Insurance Company of Lansing, Michigan, and The American Arbitration Association for an order to compel arbitration under a policy of insurance. Arbitration denied as to Ann Campbell but arbitration ordered on the claim of Troy E. Campbell. Plaintiffs appeal that portion of the order denying arbitration to Ann Campbell. Reversed and remanded.

*Thick & Bush,* for plaintiffs.

*Heilman, Purcell, Tunison & Cline, P. C.,* for defendant.

Before: BRONSON, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. On April 23, 1973, plaintiffs Troy E. and Ann Campbell entered into an automobile insurance contract with defendant Community Service Insurance Company. The agreement provided coverage of damages sustained in accidents with uninsured motorists. That section of the policy contained an arbitration clause which read in part:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon

which such person and the company do not agree shall be settled by arbitration * * * ."

On September 2, 1973, plaintiffs were injured in an automobile accident with an uninsured motorist. On November 8, 1973, plaintiff Ann Campbell executed a release which relieved defendant of any liability under the policy, in exchange for $2,624.46. Ten months after the execution of the release both plaintiffs demanded arbitration in accordance with the aforementioned provision. Defendant refused to submit to arbitration on the grounds that the plaintiffs' claims had been settled by the release; hence, there was nothing to arbitrate.

The American Arbitration Association declined to assume jurisdiction of the dispute unless ordered to do so by a court. Plaintiffs then filed suit in Saginaw County Circuit Court seeking an order to compel arbitration. Defendant's answer admitted the foregoing facts but relied on the above-mentioned release. Both parties moved for summary judgment. The circuit court upheld defendant's position as to plaintiff Ann Campbell but ordered arbitration as to plaintiff Troy E. Campbell. Plaintiffs appeal as of right that portion of the order refusing arbitration to Ann Campbell.

Under MCLA 600.5001(2); MSA 27A.5001(2) any dispute under a contract which contains an arbitration clause is entitled to be arbitrated unless it has been *expressly exempted* by the terms of the contract.

In the present case, plaintiffs contend the release was fraudulently obtained. Defendant contends that due to the release, there is no dispute between the parties and therefore nothing to arbitrate. The trial judge held that plaintiff Ann

Campbell's remedy would be a court action to set aside the release, after which arbitration might be appropriate. We disagree.

Public policy in this state favors arbitration in the resolution of disputes. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association,* 393 Mich 583; 227 NW2d 500 (1975). Arbitration clauses contained in contracts are to be liberally construed, *Stadel v Granger Brothers, Inc,* 4 Mich App 250, 258; 144 NW2d 609 (1966), resolving any doubts about the arbitrability of an issue in favor of arbitration. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975), *lv den,* 395 Mich 806 (1975). If the arbitration clause arguably includes the asserted dispute, then arbitration should be ordered upon proper motion. GCR 1963, 769. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Association, supra,* at 592, *Ferris State College v Ferris Faculty Association,* 72 Mich App 244; 249 NW2d 375 (1976). In the present case, defendant denies that it owes plaintiff Ann Campbell anything while plaintiffs maintain that it does. We interpret this dispute to be one over payment and therefore covered within the arbitration clause of the contract.

In *Maryland Casualty Co v McGee,* 32 Mich App 539; 189 NW2d 44 (1971), an almost identical arbitration clause contained in an insurance contract was at issue. Based in part on the legislative policy embodied in MCLA 500.2254; MSA 24.12254, which requires an insurance claimant to exhaust any reasonable remedy for adjudicating claims prior to commencing suit, and the public policy of avoiding unnecessary litigation, this Court disapproved of segregating "disputed issues into arbitrable sheep and judicially triable goats

(or *vice versa)". Maryland Casualty Co, supra,* at 545. In the instant case to require one plaintiff to institute suit to set aside the release while ordering arbitration as to her co-plaintiff is illustrative of the type of unnecessary duplication of effort which arbitration was designed to avoid.

The judgment of the circuit court is reversed as to plaintiff Ann Campbell and remanded for proceedings consistent with this opinion. Costs to appellants.