WHITEHOUSE v HOSKINS MANUFACTURING COMPANY

Docket No. 55443. Submitted December 2, 1981, at Lansing.—Decided February 3, 1982.

Steven Whitehouse, an employee of Hoskins Manufacturing Company, gave up a secured position in the production unit of Hoskins' Mio plant in return for a managerial position on the condition that he could return to the production unit upon request. Whitehouse was discharged when he requested to return to the production unit. He filed an action against Hoskins in Oscoda Circuit Court alleging breach of contract. The trial court, Allan C. Miller, J., found that plaintiff's employment in the managerial position was not terminable at will, but dismissed the action because plaintiff had failed to exhaust arbitration remedies set forth in the collective-bargaining agreement governing the production unit to which plaintiff previously belonged. Plaintiff appeals. *Held:*

1. The trial court erred reversibly in granting summary judgment on the basis that plaintiff had failed to exhaust his arbitration remedies under a collective-bargaining agreement because at the time of his discharge plaintiff was neither a member of any bargaining unit nor covered by any collective-bargaining agreement. The dispute is not arbitrable.

2. There is no merit to plaintiff's alternative contention that the defense of failure to exhaust arbitration remedies should have been raised by way of a motion for accelerated rather than summary judgment. Plaintiff has demonstrated no prejudice as a result of the error in labeling.

Reversed and remanded.

1. ARBITRATION — ARBITRABILITY — THREE-STAGE INQUIRY.

A three-stage inquiry is necessary to resolve the question of whether an issue is arbitrable: (1) whether there is an arbitration agreement in a contract between the parties, (2) whether the dispute is arguably covered by the contract and arbitration

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 11-13.
[2] 56 Am Jur 2d, Motions, Rules, and Orders § 11.

clause, and (3) whether the dispute is expressly exempt from arbitration by the terms of the contract.

2. MOTIONS AND ORDERS — INCORRECTLY LABELED MOTIONS.
   An incorrectly labeled motion should be considered as if it were correctly labeled, absent prejudice to the other party.

*King, Root & Sieb, P.C.,* for plaintiff.

*Breskin & Gunsberg, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and T. C. MEGARGLE,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting summary judgment to defendant, plaintiff's former employer, and dismissing plaintiff's complaint for breach of contract.

The complaint alleges that plaintiff gave up a secured position in the production unit of defendant's Mio plant in return for a managerial position on the condition that plaintiff could return to the production unit upon request. The complaint further alleges that plaintiff was discharged because he requested to return to the production unit. Defendant filed an answer denying most of plaintiff's allegations but admitting that the reason for plaintiff's discharge was his desire to return to the production unit. The trial court found that plaintiff's employment in the managerial position was not terminable at will, citing *Ebling v Masco Corp,* 79 Mich App 531; 261 NW2d 74 (1977), *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), and *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254; 283 NW2d 713 (1979). Nonetheless, the trial court dismissed the action because plaintiff had failed to exhaust arbitration remedies set forth in the collective-bargain-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing agreement governing the production unit to which plaintiff previously belonged. The question before this Court is whether the trial court erred reversibly in granting summary judgment on this basis. We reverse and remand for trial.

In support of its contention that the present dispute should have gone to arbitration, defendant cites this Court's test of arbitrability, as follows:

"The arbitrability of an issue requires a three-stage inquiry: (1) whether there exists an arbitration agreement in a contract between the parties, (2) whether the dispute is arguably covered by the contract and arbitration clause, and (3) whether the dispute is expressly exempt by the terms of the contract." *Clinton Twp v Contrera,* 92 Mich App 297, 304; 284 NW2d 787 (1979).

Defendant notes that the collective-bargaining agreement between defendant and the union representing the production unit employees contained certain arbitration provisions. Defendant also notes that article 9, § G of the collective-bargaining agreement contained a provision governing the seniority of employees who transfer out of the production unit to managerial position. According to defendant, since the parties' dispute concerns plaintiff's rights to return to the production unit from a managerial position, the dispute is at least "arguably covered by the contract and arbitration clause", within the meaning of *Contrera, supra.* Defendant contends that the contract's arbitration provisions were binding upon plaintiff despite the presence of plaintiff's individual, oral contract of employment because "the subject matter of (plaintiff's individual) contract has been covered by and superceded *[sic]* by the collective bargaining agreement".

We disagree. The trial court found the dispute

surrounding plaintiff's discharge to be arbitrable without properly applying the test for arbitrability set forth in *Contrera, supra.* Application of that test reveals that the dispute was not arbitrable. The first stage of the inquiry under that test is "whether there exists an arbitration agreement *in a contract between the parties".* 92 Mich App 297, 304. Plaintiff has not alleged that there is an arbitration agreement in any contract between himself and defendant. He has alleged that when he left his job in the production unit to take a managerial position he was no longer a member of the production employees' bargaining unit and that the terms of his employment were controlled solely by his oral contract with defendant, not by the production employees' collective-bargaining agreement. We do not believe plaintiff can be bound by arbitration provisions in a contract to which he is not a party and which are contained only in a contract covering a unit which plaintiff had left at the time of his discharge.

In referring to the question whether a dispute is "arguably covered" by an arbitration agreement, defendant erroneously refers to the second part of the arbitrability test of *Clinton Twp v Contrera, supra.* Before addressing the question whether any dispute is "arguably covered" by a contract's arbitration clause, defendant first must show that there is an arbitration agreement in a contract between the parties. *Contrera, supra.* As noted above, the parties agree that there were no arbitration provisions in plaintiff's individual contract of employment.

We note also that the arbitration provisions provide that they were applicable only to disputes which may arise between the employer and employee "concerning the application, interpretation

or alleged violation of any of the provisions of this agreement". Therefore, by their terms, the arbitration provisions were not applicable to disputes between the company and an employee concerning the application or alleged violation of any other agreements (such as plaintiff's individual contract of employment).

We also find distinguishable all of the cases cited by defendant for the proposition that collective-bargaining agreements supersede individual contracts of employment. *J I Case Co v National Labor Relations Board,* 321 US 332; 64 S Ct 576; 88 L Ed 762 (1944), *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v Lucas Flour Co,* 369 US 95; 82 S Ct 571; 7 L Ed 2d 593 (1962), and *Klepacky v Kraftco Corp,* 80 LRRM 3144 (DC Conn, 1972). Without exception, each of these cases involves a situation in which the employee, relying on an individual agreement or promise, was also in the bargaining unit covered by a collective-bargaining agreement. In each case, the court faced a situation in which the employer had entered into a collective-bargaining agreement applicable to all employees in a particular unit and had entered into additional, individual agreements with certain members of that unit. For example, see the *Klepacky* court's reference to "any individualized side agreement which might directly affect administration of [a] collective bargaining contract of which these employees were a part * * *". The present case is clearly distinguishable from those cited by defendant because here the parties agree that at the time of plaintiff's discharge he was neither a member of any bargaining unit nor covered by any collective-bargaining agreement. This is not a situation where a production employee negotiated individual terms above and beyond his written contract.

Similarly distinguishable are those cases cited by defendant for the proposition that there is a public policy favoring arbitration. In each of those cases, the party seeking to avoid arbitration was either a party to a contract containing an arbitration clause, *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 673; 264 NW2d 92 (1978) (insurance contract), *Campbell v Community Service Ins Co of Lansing,* 73 Mich App 416, 419; 251 NW2d 609 (1977) (same), *Stadel v Granger Bros, Inc,* 4 Mich App 250, 258; 144 NW2d 609 (1966) (construction contract with commerical arbitration provision), or was a member of a bargaining unit covered by a collective-bargaining agreement providing for arbitration at the time the dispute arose, *Kaleva-Norman-Dickson School Dist No 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson Teachers' Ass'n,* 393 Mich 583, 590-596; 227 NW2d 500 (1975), *Detroit Federation of Teachers v Detroit Board of Education,* 396 Mich 220, 227; 240 NW2d 225 (1976), *Ferris State College v Ferris Faculty Ass'n,* 72 Mich App 244; 249 NW2d 375 (1976), *Board of Education of Napoleon School Dist v Anderson,* 67 Mich App 52; 240 NW2d 262 (1976), and *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975). Since plaintiff was not a party to any contract calling for arbitration, all of the foregoing cases relying on the public policy favoring arbitration are distinguishable.

We believe that the trial court erred reversibly in granting summary judgment on the basis that plaintiff had failed to exhaust his arbitration remedies.

There is no need to address plaintiff's alternative contention that the defense of failure to exhaust arbitration remedies should have been

raised by way of accelerated rather than summary judgment. However, even if this Court were to address this issue, there is no merit to the argument. An incorrectly labeled motion should be considered as if it were correctly labeled, absent prejudice to the other party. *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974). Plaintiff has demonstrated no prejudice as a result of the error in labeling.

Reversed and remanded for trial.